DET0 32562

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES POWELL, #537041
        Petitioner,

VS

KEN MCKEE, WARDEN
        Respondent.        /

Case:2:11-cv-12841
Judge: Cohn, Avern
MJ: Binder, Charles E.
Filed: 06-30-2011 At 04:13 PM
HC: JAMES POWELL V. KEN MCKEE (KB)

## PETITION FOR WRIT OF HABEAS CORPUS

Now comes Petitioner, James Powell, in propria persona, pursuant to 28 USC § 2254, seeking a writ of habeas corpus.

1. Petitioner James Powell is currently unconstitutionally confined by Respondent, Warden Ken McKee, at the Bellamy Creek Correctional Facility, where Petitioner is serving sentences of 25-40 years for second degree murder, 2-5 years for assault with a dangerous weapon, 2-5 years for felon in possession of a weapon, and a flat 2 years to be served consecutively for felony firearm convictions.

2. Petitioner sought leave to appeal and was appointed appellate counsel. A substitute attorney was appointed on April 2, 2009. On 10/7/09, the Court of Appeals denied relief in a form opinion without explanation.

3. Petitioner sought leave to appeal in the Michigan Supreme Court, and was denied relief on 7/26/10.

4. Petitioner raises the same issues in his brief in support of his petition for writ of habeas corpus as that raised in the state courts as follows:

                                            I.
    MR. POWELL WAS DEPRIVED OF DUE PROCESS OF LAW WHERE THE
    COURT SENTENCED HIM BASED ON ALLEGED ACTS NOT SUPPORTED
    BY THE RECORD, NOR FOUND BY A JURY, NOR ADMITTED TO BY
    PETITIONER, NOR INDIVIDUALIZED

5. Petitioner is entitled to an evidentiary hearing to make a record for

review.

Wherefore, based on the reasons set forth in the attached brief, petitioner asks the court to grant a writ of habeas corpus or hold the Petition in abeyance so that Petitioner may toll the 1-yr deadline on Argument I and return to state court to exhaust Arguments II - IV.

Respectfully Submitted,

DATE: 6-27-11

_____
James Powell # 537041
Bellamy Creek Corr Facility
1727 W. Bluewater Hwy
Ionia, MI  48846

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES POWELL 537041
        Petitioner,

VS

KEN MCKEE, WARDEN
        Respondent        /

Case No. 08-006961-01-FC

Hon. Timothy M. Kenny

BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

James Powell 537041

In Propria Persona
Bellamy Creek Corr Facility
1727 W. Bluewater Hwy
Ionia, MI 48846

TABLE OF CONTENTS

PAGE

Statement of Facts ............................................... 1
Argument I ....................................................... 2
    MR. POWELL WAS DEPRIVED OF DUE PROCESS OF
    LAW WHERE THE COURT SENTENCED HIM BASED ON
    INACCURATE INFORMATION SUCH AS ALLEGED ACTS
    NOT SUPPORTED BY COMPETENT EVIDENCE, NOT
    FOUND BY ANY JURY, NOR ADMITTED TO BY MR.
    POWELL
        Standard ................................................ 2
        Discussion .............................................. 3

Relief Requested ................................................. 8

## STATEMENT OF FACTS

On 7/21/07, Haider Al Ganzawi was shot by Petitioner James Powell once in the hip after an argument. Petitioner was later arrested and charged with first degree murder, felony murder, AWIM (2 cts), felon in possession of firearm, and felony firearm.

On 7/30/08, Mr. Powell agreed to accept a plea bargain. The Prosecutor agreed to dismiss both first degree murder charges in exchange for Mr. Powell's plea of guilty to 2nd degree murder, 2 counts of Assault with a dangerous weapon, felon in possession of a firearm, and felony firearm.

A sentence agreement was stipulated to in exchange for the plea. Mr. Powell would serve 25-40 years for 2nd degree murder and an additional 2 years for the felony firearm charge.

Petitioner was never consulted by counsel or the prosecutor concerning sentencing guidelines during the plea process. Petitioner later discovered that several of the aggravating factors used by the prosecutor to justify a 25-40 yr sentence were completely contradicted by the evidence. Petitioner's sentence would be substantially less than a 25-yr minimum if the court had not relied on inaccurate information. Petitioner asserts that Offense Variables (OV) 1, 3, and 6 are mis-scored due to materially inaccurate information.

Petitioner further asserts that because the 25-40 yr sentence would have been substantially less had the aggravating factors not been scored based on misinformation, that he did not and could not have voluntarily or intelligently waived his right to trial by entering a plea in exchange for such a sentence.

Petitioner seeks a writ of habeas corpus.

1

ARGUMENT I.
MR. POWELL WAS DEPRIVED OF DUE PROCESS OF LAW WHERE THE COURT SENTENCED HIM BASED ON INACCURATE INFORMATION SUCH AS ALLEGED ACTS NOT SUPPORTED BY COMPETENT EVIDENCE, NOT FOUND BY ANY JURY, NOR ADMITTED TO BY MR. POWELL

**STANDARD**

A federal court may grant writ of habeas corpus only if the state court(s) ruled in a way contrary to, or involving an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. 28 USC § 2254; WILLIAMS V TAYLOR, 529 U.S. 362, 404-05 (2000).

A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rules but applies it unreasonably to the facts of a particular prisoner's case." WILLIAMS, 529 U.S. at 407-08.

A federal habeas petitioner must demonstrate that the Constitutional error was not harmless under the test set forth in BRECHT V ABRAHAMSON, 507 U.S. 619 (1995). The error must have had a "substantial and injurious effect or influence" on the verdict. The BRECHT test requires that the writ be granted when the federal court is in a state of "virtual equipoise" as to whether the Constitutional error adversely affected the verdict.

Neither the Michigan Court of Appeals nor the Supreme Court articulated any reasoning for denying relief in its form opinion. Where a state court decides a Constitutional issue by form order or without extended discussion, a habeas court should then focus on the result of the state court's decision, applying the standard articulated above. HARRIS V STOVALL, 212 F3d 940,943 (6th Cir 2000). The Federal district court is obligated, in situations where the state court has not articulated its reasoning, to conduct an independent review of the record and applicable law to determine whether the state court

2

decision is contrary to federal law, or is based on an unreasonable determination of the facts in light of the evidence presented. Ibid.

**DISCUSSION**

Petitioner was charged with felony murder, first degree murder, two counts of assault with a dangerous, felon in possession of a firearm, and felony firearm. Petitioner pled guilty to second degree murder, AWDW, FIP, and FF in exchange for dismissal of first degree and felony murder charges. The Plea Transcript, 7/30/08, pp 8-9 reflects:

> THE COURT: Back on July 21st of last 2007 were you in front of 6898 Rutland in the city of Detroit?
> MR. POWELL: Yes.
> THE COURT: Did you in fact come in contact with an individual that you know or later knew as an individual by the name of Heyder Algonzowie [sic]?
> MR. POWELL: Yes
> THE COURT: And, did you in fact, shoot Mr. Algonzowie (sp)?
> MR. POWELL: Yes, sir.
> THE COURT: And as a result of your shooting him you learned that Mr. Algonzowie (sp) died; is that correct?
> MR. POWELL: Yes, sir.
> THE COURT: How many times was he shot?
> MR. POWELL: Once.
> THE COURT: And you certainly didn't have any legal basis to shoot him or kill him did you?
> MR. POWELL: No, sir.
> THE COURT: Am I correct that there were two other individuals Ali Kager Algonzowie (sp) and a Yash Kager Algonzowie (sp) two other individuals that were there at that same location on that same date; is that true?
> MR. POWELL: Yes, sir.
> THE COURT: And did you point the gun that you shot Mr. Heyder Algonzowie (sp), did you point that gun at those individuals --
> MR. HAMPTON: Your Honor, can I have one second?
> THE COURT: Yeah, sure.
> MR. HAMPTON: Your Honor, just for clarification even at the preliminary exam it was not established that the gun was actually pointed at these individuals, but the gun was used to put them in apprehension which I think still qualifies as a felonious assault.

>THE COURT: All right.
>MS. WALKER: I believe that's true.
>THE COURT: All right. They certainly were present and nearby, and certainly had reason to believe that they might also be shot by you; is that correct?
>MR. POWELL: Yes, sir.
>THE COURT: And you certainly didn't have any legal right or justification in putting those other two men in fear of their lives either; true?
>MR. POWELL: Yes.

Michigan adopted statutory guidelines in 1999, which have the force of law. MCL 769.34(1)(2); PEOPLE V LEVERSEE, 243 Mich App 337,348 (2000). Petitioner asserts that the trial court sentenced him on the basis of materially inaccurate information which led to unjustified scores in at least three Offense Variable (OV) categories, totalling 85 points.

The Michigan Sentencing Guidelines and the Michigan sentencing scheme requires the Court to find additional facts which allow the increase of the sentence. These factual findings are neither admitted to by the Petitioner, nor found by a Jury. These factual findings result in scores which place Petitioner in Grids A-F for Prior Record Variable (PRV) scores, and from Grids I - III for various Offense Variables (OV) based on conduct or lack thereof during the commision of the offense. These variables are aggravating circumstances which are not necessary to commit the crime itself, but which are facts above and beyond the commission of the crime to justify increasing the sentence by the increased score.

Petitioner contends that the facts found by the court used to increase his score from Grid I to Grid III. The Michigan Courts have ruled that BLAKELY V WASHINGTON does not apply to Michigan indeterminate sentencing scheme.

### 1. OV 1 -- Aggravated Use of a Weapon

The "victim" is deceased. Petitioner Pled guilty to 2nd Degree Murder and Felony Firearm. As it applies to Felony Firearm, the statute allows 25

4

points to be assessed when "[a] firearm was discharged at or toward a human being or a victim was cut or stabbed ...." MCL 777.3(1)(a). Petitioner raised the issue in the trial court reminding the court that no shots were discharged at or toward anyone. This is verified by the Preliminary Exam Transcript. See also, Sent. Trans., 8/20/08, pp 3-4. Both counts of AWIM were dismissed. In fact, the witnesses/relatives of the deceased stated that Petitioner shot in the air and "not near" them. Ibid.

### 2. OV 3 -- Degree of Physical Injury

By its own terms, this offense variable is not to be scored where the death is the result of homicide. MCL 777.33(2)(b). The death of a person is an element of 2nd degree murder, and is **not to be scored**. MCL 777.1(c). The score must result in zero. Petitioner asserts that he was scored 25 points totally contrary to the evidence.

### 3. OV 6 -- Intent to Kill or Injure Another

Petitioner asserts that he was unlawfully assessed 25 points for possessing the unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or harm while knowing that death or harm was the probable result. See MCL 77.36(1)(b). This offense variable by its own terms applies to homicide and AWIM offenses, but does not apply to any offense to which Petitioner pled guilty. The AWIM charges were dismissed. Petitioner never admitted to any intent or attempt to kill or injure anyone **other than** the deceased. The record does not support a score of 25 points or finding that Petitioner intended to kill or created a high risk of death (knowing that death or great bodily harm was the likely result) to anyone **OTHER THAN** the deceased.

ARGUMENT

### A. The Sentence is Based on Inaccurate Information

5

Petitioner was scored 85 points based on materially inaccurate information. But for this score, Petitioner would have received a substantially lesser sentence. While it is true that habeas relief cannot be granted simply "on the basis of a perceived error of state law," PULLEY V HARRIS, 465 U.S. 37,41 (1984), when the error rises to the level of depriving the defendant of fundamental fairness in the trial process, the claim is remediable on a petition for habeas corpus relief. MATLOCK V ROSE, 751 F2d 1236,1242 (6th Cir 1984); ESTELLE V MCGUIRE, 502 U.S. 62,67-68 (1991); CLEMONS V MISSIPPI, 494 U.S. 738,746 (1990)(in certain circumstances state procedural laws may create liberty interests that cannot be denied without violating due process).

It is well settled that Petitioner has the right to be sentenced on the basis of complete and accurate information. UNITED STATES v TUCKER, 404 U.S. 443, 447-49 (1972); TOWNSEND V BURKE, 334 U.S. 736 (1948).

The misscoring of offense variables 1, 3, and 6 result in a substantially different sentence guideline to which Petitioner was subjected to. A single deduction of 25 points places Petitioner in OV Grid II instead of III, which, when intersected at PRV Grid D, results in a minimum sentence of 18.75 years (225 mos) and a range of 225 to 468 months. a deduction of all three scores (75 points) would place Petitioner in OV Grid I instead of III, and would result in a minimum sentence of 15 years (180 mos) or a range of 180 months to 300 months (25 yrs). A difference of two grids (III down to I) or in other words, a difference of a minimum of 270 mos compared to a minimum of 180 months, is a significant error reaching Constitutional dimension, which cannot be considered harmless. TUCKER, Supra; TOWNSEND, Supra; UNITED STATES V ANDREWS, 240 F Supp 2d 636,638 (ED Mich, 2003).

**B. Facts Found By Court Not Admitted**

In BLAKELY V WASHINGTON, 542 U.S. 296 (2004), the United States Supreme Court reiterated its earlier holding that with the exception of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." APPRENDI V NEW JERSEY, 530 U.S. 466,490 (2000). Michigan has held that BLAKELY does not apply to its "Intermediate Sentences." See PEOPLE V HARPER, 479 Mich 599 (2007); PEOPLE V MCCULLER, 479 Mich 672 (2007). These cases overruled PEOPLE V UPHAUS, 275 Mich App 158 (2007), which reached the opposite conclusion.

In CUNNINGHAM V CALIFORNIA, 549 U.S. 270 (2007), the United States Supreme Court reaffirmed the holding in APPRENDI, and held that California's Determinate Sentencing Law, which authorized a judge rather than a jury to find facts exposing defendant to elevated upper term sentence violated that Defendant's right to trial by jury. CUNNINGHAM explained both BLAKELY and APPRENDI.

> [T]he relevant statutory "maximum," [this court has clarified], is not the maximum a sentence a judge may impose after finding additional facts, but the maximum he may impose WITHOUT any additional findings. BLAKELY, 542 U.S. at 303-304, 124 Sct 2531 (emphasis in original).

In every case, the Supreme Court discusses "sentence ranges" not the absolute maximum sentence possible. In Cunningham's case, the jury verdict alone limited the permissible sentence to 12 years. Additional factfinding by the trial judge resulted in an "upper term" sentence of 16 years. Id at 549 U.S. at 275. That four-year elevation was held to violate the 6th Amendment. In BLAKELY, the maximum penalty for his offense, under the Washington Reform Act, was ten years, if no facts beyond those reflected in the jury's verdict were added. Blakely could not receive a sentence greater than ten years UNLESS the judge found "deliberate cruelty." It did not even matter that

7

Blakely's sentence, though outside the "standard range", was within the ten year maximum. The Court held that the top of the sentencing range (53 mos) was the "relevant statutory maximum."

In Mr. Powell's case, before any admission was given, the court was limited to a sentence range of 180 months - 300 months. This includes the consideration for prior convictions (PRV). It is not until The Sentencing Guidelines call for the judge to make "additional" factual findings, that Petitioner Powell's sentence increases from Grid I to Grid III. <u>BLAKELY</u> clearly covers Petitioner's case no matter what label Michigan puts on its sentencing scheme. As such, Michigan's denial of relief was an unreasonable application of clearly established federal law as determined by the U.S Supreme Court, and he is entitled to relief.

### C. Individualization

Petitioner's sentence must be individualized. <u>WILLIAMS V NEW YORK</u>, 337 U.S. 241,245 (1949). This means that the sentence must be tailored to the individual and particular circumstances of the case and the offender. <u>PEOPLE V HUMBLE</u>, 146 Mich App 198,201 (1985). Petioner is entitled to a sentence which reflects an accurate picture of himself and of what occurred in the incident. The court never requested and Petitioner's counsel never put the information before the court.

### RELIEF REQUESTED

Petitoner asserts that for the foregoing reasons, he is entitled to either be resentenced or to have his plea withdrawn.

Respectfully Submitted,

James Powell 537041
Bellamy Creek Corr. Facility
1727 W. Bluewater Hwy
Ionia, MI 48846

8

Mr. James A. Powell III #537041
Bellamy Creek Correctional Facility
1727 W. Bluewater Hwy
Ionia, MI 48846

Clerk of the Court
United States Dist Ct.
231 W. Lafayette
Detroit, MI 48826

| Case No. 11-12841 | Judge: Avern Cohn | Magistrate Judge: Charles E. Binder |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner:<br>JAMES POWELL | Name of 1st Listed Defendant/Respondent:<br>KEN MCKEE |
|---|---|
| Inmate Number: 537041 | Additional Information: |
| Plaintiff/Petitioner's Attorney and Address Information: | |
| Correctional Facility:<br>Bellamy Creek Correctional Facility<br>1727 West Bluewater Highway<br>Ionia, MI 48846<br>IONIA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes   ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes   ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____