

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
MAR 28 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

JAMES POWELL,
    Petitioner,

Case No. 11-12841

v.

HON. AVERN COHN

KEN McKEE,
    Respondent.

---

| | |
|---|---|
| James Powell #537041<br>Petitioner In Propria Persona<br>Muskegon Corr. Facility<br>2400 S. Sheridan Dr.<br>Muskegon, MI 49442 | Bill Schuette<br>Michigan Attorney General<br>PO Box 30217<br>Lansing, MI 48909 |

---

### PETITIONER'S MOTION FOR EVIDENTIARY HEARING

    Petitioner James Powell, in pro per and pursuant to Rule 8 of Rules Governing Section 2254 Cases, hereby moves for an evidentiary hearing.

    To obtain an evidentiary hearing, the petitioner must show (1) that the claims on which he desires a hearing are reviewable de novo by this Court (either because they were not adjudicated on the merits by the state court or because the state court's adjudication was contrary to or an unreasonable application of federal law), (2) that he did not "fail" to develop the factual basis of his claims in state court, and (3) that his factual allegations, if proven, would entitle him to habeas relief. <u>Ballinger v. Prelesnik</u>, 709 F.3d 558, 562 (6th Cir. 2013); 28 U.S.C. 2244(e)(2); <u>Muniz v. Smith</u>, 647 F.3d 619, 625 (6th Cir. 2011).

1. <u>PETITIONER'S CLAIMS SHOULD BE REVIEWED DE NOVO</u>

An evidentiary hearing cannot be held in a federal habeas case to determine, under 28 U.S.C. 2254(d), whether the state court's adjudication of the petitioner's claims was contrary to or an unreasonable application of Supreme Court precedent. <u>Cullen v. Pinholster</u>, 131 S.Ct. 138 (2011). This is because review under Section 2254(d)'s "contrary to" clause is independent of the facts, and review under Section 2254(d)'s "unreasonable application" clause requires the federal court to assess whether the state court reasonably applied Supreme Court precedent to the evidence it had before it. <u>Pinholster</u>, <u>supra</u>.

But "[t]his does not leave a habeas petitioner without recourse. For example, if the state court did not adjudicate the petitioner's claim on the merits, <u>Pinholster</u> explains that a federal court can still hold an evidentiary hearing, subject of course to the restrictions of 28 U.S.C. [Section] 2254(e)(2)." <u>Ballinger v. Prelesnik</u>, 709 F.3d 558, 562 (6th Cir. 2013). This is because, where the state court did not adjudicate the claim on the merits, the federal court does not review the prisoner's claims under Section 2254(d), but rather, de novo. <u>Johnson v. Williams</u>, 133 S.Ct. 1088, 1097 (2013). Likewise, if the federal court finds that the state court's adjudication of the petitioner's claim was "contrary to" Supreme Court precedent, the federal court reviews the claim de novo. <u>Id</u>., 1097. Once the federal court has determined that de novo review is appropriate, then Section 2254(d) no longer has any application, and

therefore, there is no longer any bar to an evidentiary hearing under <u>Pinholster</u>.

In this case, the state court applied the Michigan standard for ineffective-assistance claims in the guilty-plea context, that is, it assessed whether the plea was knowing and voluntary. Order of 6/27/12, p.4. But the Supreme Court explained in <u>Lafler</u> (a Michigan case) that it had previously held in <u>Hill</u> that the two-pronged <u>Strickland</u> standard applies in the guilty-plea context, and "[a]n inquiry into whether rejection of a plea is knowing and voluntary is <u>not</u> the correct means by which to address a claim of ineffective assistance of counsel." <u>Lafler</u>, 132 S.Ct. at 1390 (citing <u>Hill</u> at 57-59)(emphasis added). Thus, the state court's adjudication of this claim is "contrary to" clearly established Supreme Court precedent. Compare <u>Williams v. Taylor</u>, 529 U.S. at 405-06 (explaining that, for example, a state-court decision on an ineffective-assistance claim would be "contrary to" <u>Strickland</u> "[i]f the state court were to reject a prisoner's claim . . . on the grounds that the prisoner had not established [prejudice] by a preponderance of the evidence . . . because we held in <u>Strickland</u> that the prisoner need only demonstrate a reasonable probability" of prejudice)(internal quotation marks omitted).

Because the state court applied a standard that is "contrary to" the one that the Supreme Court held applies, this Court reviews this claim de novo. <u>Johnson v. Williams</u>, 133 S.Ct. 1088, 1097 (2013).

3

2. <u>PETITIONER DID NOT FAIL TO DEVELOP THE FACTS IN STATE COURT</u>

This Court's ability to hold an evidentiary hearing is also subject to 28 U.S.C. 2254(e)(2), which says:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
> (A) the claim relies on --
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence;
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

A petitioner has not "failed" to develop the factual basis of his claim under this section if he has made a reasonable attempt to seek an evidentiary hearing in state court in the manner prescribed by state law, even if the state court denied the requested hearing. <u>Williams v. Taylor</u>, 529 U.S. 420, 436-37 (2000).

Petitioner Powell did not "fail" to develop the factual basis of his claim because he filed a motion for an evidentiary hearing with his state postconviction motion in accordance with M.C.R 6.508(C), although the state court denied the requested evidentiary hearing. Order of 6/27/12, p.1, n.1. Accordingly, Section 2254(e)(2) does not bar an evidentiary hearing on Petitioner's ineffective-assistance claim.

3. **PETITIONER'S FACTUAL ALLEGATIONS, IF PROVEN, ENTITLE HIM TO RELIEF**

"In determining whether to grant an evidentiary hearing, a habeas court must 'consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which if true, would entitle the applicant to federal habeas relief.'" Muniz v. Smith, 647 F.3d 619, 625 (6th Cir. 2011)(quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)). "A district court is not required to hold an evidentiary hearing if the record 'precludes habeas relief.'" Muniz (quoting Schriro). See also Rule 8 of Rules Governing Section 2254 Cases.

In this case, an evidentiary hearing could enable the petitioner to prove his factual allegations, which, if true, would entitle him to habeas relief. Petitioner alleged that his lawyer had no reasonable basis for (1) failing to adequately explain key factors regarding Petitioner's decision to plead (the elements of the charges and available defenses), (2) failing to inform Petitioner of the illusory nature of the plea, and (3) misinforming Petitioner of the actual sentencing guidelines range and therefore of the actual value of the plea, and that but for these failures, Petitioner would not have accepted the plea. If proven, the facts on which this issue is based would entitle Petitioner to habeas relief for the reasons explained in the accompanying Brief in Support of Petition for Writ of Habeas Corpus, pages 16-26, which Petitioner hereby adopts by reference.

To conclude, Petitioner has met the requirements for holding an evidentiary hearing. Neither Pinholster nor Section

5

2254(e)(2) bar a hearing, and a hearing could establish facts that would entitle Petitioner to habeas relief.

### RELIEF REQUESTED

Petitioner asks this Honorable Court to grant an evidentiary hearing on his claim that counsel was ineffective in advising him to plead guilty.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Date: 3-22-14

James Powell #537041
Petitioner In Pro Per
Muskegon Corr. Facility,
2400 S. Sheridan Dr.,
Muskegon, MI 49442