## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**PEOPLE OF THE STATE OF MICHIGAN**

    Plaintiff-Appellee

v

**JAMES ANDREW POWELL**

    Defendant-Appellant.

_____/

**WAYNE COUNTY PROSECUTOR**
Attorney for Plaintiff-Appellee

_____

**LEE A. SOMERVILLE (P-41168)**
Attorney for Defendant-Appellant

_____

**Lower Court No.** 08-6961-01

**Honorable Timothy M. Kenny**

*[Stamp: PROSECUTOR'S OFFICE FEB 19 2009 RESEARCH TRAINING & APPEALS]*

PRAECIPE with PROOF OF SERVICE thereon

NOTICE OF HEARING

**MOTION TO WITHDRAW PLEA**

**LEE A. SOMERVILLE (P-41168)**
P.O. Box 40250
Redford, Michigan 48240-0250
313-387-0323

| STATE OF MICHIGAN<br>Third Judicial Circuit Court<br>Wayne County | PRAECIPE<br>FOR<br>MOTION | CASE NO.<br>08-6961-01 |
|---|---|---|

THE PEOPLE OF THE STATE OF MICHIGAN

-vs-

James Andrew Powell

*Defendant*

TO THE ASSIGNMENT CLERK:

Please place a Motion for (here state nature of motion in brief form)

**MOTION TO WITHDRAW PLEA**

on the Motion Docket for   March 27, 2009   before Judge   Hon. Timothy M. Kenny

Date:   2-19  , 20  08  .

Lee A. Somerville                    (P-41168)
Attorney for Defendant          Michigan State Bar #
P.O. Box 40250, Redford, MI 48240-0250
Address
313-387-0323
Telephone

NOTE: UNDER MCR 2107(c)(1) or (2)

**PROOF OF SERVICE**
(7 Days notice required)

I swear that on   2-19-2009   I served a copy of the attached motion and praecipe upon the Wayne County Prosecutor, Third Judicial Circuit Court, Criminal Division Section by ~~(mail)~~ (personal) service. (Cross out one)

Sworn and subscribed before me
on: _____

_____
Attorney for Defendant

_____
Notary Public

7 day Notice Waived

_____
County                                       Date

_____
My Commission Expires          Prosecuting Official          Michigan State Bar #

PRAECIPE FOR MOTION

Form #1

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**PEOPLE OF THE STATE OF MICHIGAN**

        Plaintiff-Appellee

-vs-

**JAMES ANDREW POWELL**

        Defendant-Appellant.
_____/

**Lower Court No.** 08-6961-01

**Honorable Timothy M. Kenny**

### NOTICE OF HEARING

TO:

WAYNE COUNTY PROSECUTOR
1441 St. Antoine
Detroit, Michigan 48226

**PLEASE TAKE NOTICE** that on **March 27, 2009** at **9:00 a.m., or as soon thereafter as counsel may be heard**, the undersigned will move this Honorable Court to grant the within

### MOTION TO WITHDRAW PLEA

Respectfully submitted,

**LEE A. SOMERVILLE (P-41168)**
P.O. Box 40250
Redford, Michigan 48240-0250
313-387-0323

Date: February 18, 2009

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**PEOPLE OF THE STATE OF MICHIGAN**

    Plaintiff-Appellee

**Lower Court No.** 08-6961-01

**Honorable Timothy M. Kenny**

-vs-

**JAMES ANDREW POWELL**

    Defendant-Appellant.

_____/

## MOTION TO WITHDRAW PLEA

**NOW COMES** Defendant **JAMES ANDREW POWELL**, by and through his attorney, **Lee A. Somerville**, and moves this Honorable Court to grant the within Motion to Withdraw Plea in this case and says in support thereof that:

1. This motion is brought pursuant to MCR 6.310(A), which allows a post-judgment motion to withdraw a plea, to be filed in a criminal case within six months of the sentence.

2. Defendant pled guilty to Second Degree Murder, MCLA 750.317; 2 Counts of FA, MCLA 750.82; FIP, MCLA 750.224f; FF, MCLA 750.227b on July 30, 2008 before the Honorable Timothy M. Kenny in the Wayne County Circuit Court, pursuant to a plea and sentencing agreement. (T 7-30-2008, p 3-10.)

3. On August 20, 2008, Defendant was sentenced to 25 to 40 years, 2 to 4 years (on 2 counts); 2 to 5 years, all consecutive to 2 years, credit for 140 days. (T 8-20-2008, p 20-21.)

4. Counsel was appointed to perfect an appeal and/or pursue post-conviction remedies on September 30, 2008.

5. An Application for Leave to Appeal has not yet been filed.

6. Defendant-Appellant asserts that he should be allowed to withdraw his plea for several reasons:

> A. He asserts that he was denied effective assistance of counsel in that his counsel never sought an evaluation for competency and criminal responsibility;
>
> B. He asserts that he is actually innocent of the charges Murder and Assault charges, as he has a valid defense of self defense, as well as insanity; and
>
> C. He asserts that he was denied effective assistance of counsel in that his counsel never contacted his witnesses or prepared for trial.

7. There is no absolute right to withdraw a guilty plea once the trial court has accepted it. *People v Davidovich,* 238 Mich App 422, 425, 606 NW2d 387 (1999); *People v Kennebrew,* 220 Mich App 601, 605; 560 NW2d 354 (1996). A trial court possesses discretion over whether to grant a defendant's motion to withdraw a plea, and the trial court's decision will only be reviewed for an abuse of that discretion. *People v Wilhite,* 240 Mich App 587, 593-594; 618 NW2d 386 (2000).

8. Procedurally, where a defendant files a motion claiming that his plea was induced by his attorney's faulty advice and a proffer of proof is made on the record, the defendant is entitled to an evidentiary hearing. Where a defendant claims the plea was induced by inaccurate legal advice or he can show ineffective assistance of counsel, the

Court should strongly consider granting the motion to withdraw plea. *People v Jackson,* 203 Mich App 607, 612; 513 NW2d 206 (1994).

9. Where a defendant claims innocence and/or a valid defense to the charge he has plead to, the Court should strongly consider granting the motion to withdraw plea. See *Wilhite, supra; People v. Thew,* 201 Mich App 78, 96; 506 NW2d 547 (1993); *People v Spencer,* 192 Mich App 146, 151-152, 480 NW2d 308 (1991).

### Ineffective Assistance of Counsel Due to Failure to Request Competency and Criminal Responsibility Evaluations

10. Defendant-Appellant James Andrew Powell asserts that he received ineffective assistance of counsel when his counsel did not discuss his mental health history with him, or request the appropriate referrals for evaluations for competency or criminal responsibility.

11. Appellant counsel only discovered Respondent-Appellant's mental health history in reviewing his PSR with him during a prison visit on February 6, 2009, when counsel noted in passing that according to the PSR, Mr. Powell had no mental health history.

12. Defendant-Appellant informed counsel that he had been previously referred for a psychiatric evaluation, and was on two psychotropic medications while in the Wayne County Jail, pending resolution of the instant case. He has been prescribed a different psychotropic medication since he has been in MDOC.

13. Defendant-Appellant James Andrew Powell asserts that he has a valid insanity defense to the all crimes charged herein. MCLA 728.21a.

14. Trial counsel in the present case did not inquire as to his mental health, much

3

less file a Notice of Insanity Defense, although Defendant-Appellant told counsel he was on medications. (See Exhibit A, Affidavit of Defendant-Appellant.) .

15. MCR 6.125 provides that the defendant's competency to stand trial or to participate in other criminal proceedings may be raised at any time during the proceedings against the defendant. MCR 6.125(B).

16. MCR 6.125 further provides that a mere "showing" that the defendant may be incompetent requires that the court "order the defendant to undergo an examination by a certified or licensed examiner of the center for forensic psychiatry, or other facility... ." MCR 6.125(C)(1).

17. Defendant-Appellant asserts that such a showing has been made herein, and could have been made by trial counsel had he done a proper investigation of the case.

18. The issue of ineffective assistance of counsel may be reviewed without an evidentiary hearing. *People v Cicotte*, 133 Mich App 630; 349 NW2d 167 (1984); *People v Johnson*, 124 Mich App 80, 88; 333 NW2d 585, *lv den*, 419 Mich 851 (1983), *People v Davis*, 102 Mich App 403, 410-411; 301 NW2d 871 (1980). If this Court believes that an additional record is required, a hearing should be held pursuant to *People v Ginther*, 390 Mich 436, 442; 212 NW2d 922 (1973).

19. Defendant-Appellant further requests that he be allowed to withdraw his plea, and be referred for an evaluation as to criminal responsibility, and for competency to stand trial, enter a plea, or to assist counsel with his appeal.

**Defendant-Appellant Has a Valid Defense to All Charges**

20. Defendant-Appellant James Andrew Powell asserts that he has a valid

4

defense to all charges.

21. Defendant-Appellant James Andrew Powell asserts that he has a valid insanity defense, as set forth more fully in the section above, and incorporated herein by reference. MCLA 728.21a.

22. Further, Defendant-Appellant asserts that he has a valid defense of self defense in the present case, however his trial counsel did not subpoena the witnesses needed to support his defense.

23. In *People v Thew*, 210 Mich App 78, 96; 506 NW2d 547 (1993), the Court pointed out that a claim of actual innocence is not required to support plea withdrawal, it is enough if the only defense is that the defendant is guilty of a lesser included offense:

> the issue is not whether the trial court believes him but whether defendant has a valid defense to the charge of felony murder, even if he might be guilty of other offenses, such as second-degree murder and first-degree criminal sexual conduct.

24. Defendant-Appellant asserts that he was not the aggressor in the present case, and was forced to act in self defense.

### Ineffective Assistance of Counsel Due to Failure to Investigate and Subpoena Witnesses

25. Defendant-Appellant James Andrew Powell asserts that he was entitled to effective assistance of counsel at his plea proceeding. The right to counsel extends to guilty plea proceedings. *Moore v Michigan*, 355 US 155; 78SCt 191; 2 LEd2d 167 (1957); US Const, Am VI and Am XIV; Const 1963, art 1, sec 20.

26. In *People v Grant*, 470 Mich 477; 684 NW2d 686 (2004), the Court affirmed Defendant's burden of establishing prejudice in an ineffective assistance of counsel claim:

5

> To establish prejudice, he must show a reasonable probability that the outcome would have been different but for counsel's errors. . . . A reasonable probability need not rise to the level of making it more likely than not that the outcome would have been different. . . . "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome."

People v Grant, supra, 470 Mich at 486, cites omitted, citing People v Pickens, 446 Mich 298, 338; 521 NW2d 797 (1994); and Strickland v Washington, 466 US 668, 693, 694; 104 SCt 2052; 80 LEd2d 674 (1984).

27. Defendant-Appellant asserts that he asked his counsel to subpoena witnesses on his behalf, but his counsel did not even contact the witnesses. (See Exhibit A, Affidavit of Defendant-Appellant.)

28. Defendant-Appellant asserts that he did not want to enter a plea, and would not have entered the plea, but for counsel's representation, therefore the outcome would have been different, he would have exercised his constitutional right to a trial by a jury of his peers. US Const, Am VI and Am XIV; Const 1963, art 1, sec 20.

29. Defendant-Appellant James Andrew Powell asserts that the representation of counsel rendered his plea neither understanding, nor voluntary, as he would not have entered the plea to crimes to which he asserts he has a valid defense of self defense. MCR 6.302(B) and (C).

30. This issue may be reviewed without an evidentiary hearing. People v Cicotte, supra; People v Johnson, supra; People v Davis, supra. If this Court believes that an additional record is required, a hearing should be held pursuant to People v Ginther, supra.

6

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant the within Motion to Withdraw Plea.

Respectfully submitted,

*/s/ Lee A. Somerville*

Lee A. Somerville (P-41168)
P.O. Box 40250
Redford, Michigan 48240-0250
313-387-0323

Date: February 18, 2009

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**PEOPLE OF THE STATE OF MICHIGAN**
    Plaintiff-Appellee

**Lower Court No.** 08-6961-01

v

**Honorable Timothy M. Kenny**

**JAMES ANDREW POWELL**
    Defendant-Appellant.
_____/

**WAYNE COUNTY PROSECUTOR**
Attorney for Plaintiff-Appellee
_____

**LEE A. SOMERVILLE (P-41168)**
Attorney for Defendant-Appellant
_____

### AFFIDAVIT OF DEFENDANT-APPELLANT

STATE OF MICHIGAN   )
                           ) ss.
COUNTY OF IONIA     )

    I, **JAMES ANDREW POWELL**, being first duly sworn, state:

    1.    That I am the defendant in Wayne County Circuit Court case number 08-6961-01.

    2.    That I am not guilty of the crimes to which I pled.

    3.    That at the time of my plea I had been diagnosed paranoid schizophrenic.

    4.    That I told Mr. Hampton I was on medication.

    5.    That I did not fully understand the plea and sentence agreement.

    6.    That, upon information and belief, Mr. Hampton did not contact my witnesses or prepare any defense for my case.

7. That Mr. Hampton pressured me to take a plea.

**FURTHER DEPONENT SAYETH NOT.**

_____
JAMES ANDREW POWELL

Subscribed and sworn to before me this 6th day of February, 2009.

_____
Lee Somerville, Notary Public, Wayne County,
acting in Ionia County, Michigan
My commission expires: 9-29-2015