# STATE OF MICHIGAN
## IN THE 3RD COURT FOR THE COUNTY OF WAYNE

THE PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff,

v

JAMES POWELL

                Defendant


KYM L. WORTHY
Prosecuting Attorney
County of Wayne

TIMOTHY A. BAUGHMAN
Chief of Research,
Training and Appeals

FRANK J. BERNACKI (P26352)
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan 48226

## STATE OF MICHIGAN
## IN THE 3RD COURT FOR THE COUNTY OF WAYNE

THE PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff,

v

JAMES POWELL

                Defendant


KYM L. WORTHY
Prosecuting Attorney
County of Wayne

TIMOTHY A. BAUGHMAN
Chief of Research,
Training and Appeals

FRANK J. BERNACKI (P26352)
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan 48226

## COUNTERSTATEMENT OF JURISDICTION

The People accept that this court has jurisdiction in this matter.

## COUNTERSTATEMENT OF QUESTIONS PRESENTED

I. To prevail on a claim of ineffective assistance of counsel, defendant must show from the record that counsel's performance was deficient and prejudicial. Here, the record does not support defendant's claim that his counsel failed to raise substantial defenses of insanity and self-defense or to interview material witnesses known to counsel. Has defendant carried his burden of demonstrating deficient performance and prejudice?

        The People answer: "No."

        Defendant answers: "Yes."

## COUNTERSTATEMENT OF FACTS

All relevant facts will be set forth in the body of the brief.

A copy of the plea transcript is attached to this brief.

I.

> **To prevail on a claim of ineffective assistance of counsel, defendant must show from the record that counsel's performance was deficient and prejudicial. Here, the record does not support defendant's claim that his counsel failed to raise substantial defenses of insanity and self-defense or to interview material witnesses known to counsel. Defendant has not carried his burden of demonstrating deficient performance and prejudice.**

**Standard of Review**

A criminal defendant is entitled to effective, not successful, assistance of counsel. Even if defendant is convicted or pleads as charged to a mandatory-life sentence offense, his right to such assistance may not be violated.[1]

In order to warrant reversal, defendant has the burden of establishing that his attorney erred by failing to perform his proper function in the adversarial process so that it is more probable than not that a different result would have occurred if the error had not been committed.

**Discussion**

A claim of deprivation of constitutionally effective assistance of counsel is not an "appellate parachute" to rescue defendant.

In order for a defendant to overcome the strong presumption that he received constitutionally effective assistance of counsel,[2] he must establish that his attorney did not perform his proper function in the adversarial process so that the trial verdict cannot be relied upon as a just result.[3] The mere fact that a lawyer is inexperienced or has had less than a month to prepare for trial does not give rise to presumption that he was ineffective. Defendant must explicitly establish that his counsel failed

---

[1] *People v Stewart*, 442 Mich 889 (1993).

[2] *Strickland v Washington*, 466 US 668 (1984); *People v Pickens*, 446 Mich 298 (1994).

[3] Id.

to perform his adversarial role in the trial.[4] The mere possibility that other motions could have been made, witnesses called, or claims raised are insufficient to successfully establish that defendant was prejudiced through a deprivation of constitutionally effective assistance of counsel as inherently lawyers will disagree about the arguable merits of a particular claim.[5]

Defendant must establish that his counsel's performance deprived him of a substantial defense and then show that this performance prejudiced him by undermining the validity of the verdict so that absent the actions of counsel, a different verdict would probably have resulted. In this case, defendant pled guilty. In reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, courts focus upon whether the defendant's plea was made voluntarily and understandingly.[6]

Guilty pleas have been found to be involuntary or unknowing on the basis of ineffective assistance of counsel where defense counsel failed to explain adequately the nature of the charges or the consequences of the guilty plea. Guilty pleas have also been found to be involuntary or unknowing where counsel has failed to discuss possible defenses to the charges to which the defendant is pleading guilty. In these situations, counsel's deficient representation effectively renders the defendant's guilty plea involuntary or unknowing because it deprives the defendant of the ability to make an intelligent and informed choice from among his alternative courses of action.[7] However, an evaluation of counsel's advice is not required but only whether any advice given or evaluation made was within the range of competency demanded of criminal defense attorneys.[8]

---

[4] *US v Cronic*, 466 Us 648 (1984).

[5] *People v Reed*, 449 Mich 375, 387 (1995).

[6] *In re Oakland County Prosecutor*, 191 Mich App 113, 120 (1991).

[7] *People v. Corteway*, 212 Mich App 442, 445 (1995).

[8] *People v. Thew*, 201 Mich App 78, 89-90 (1993).

Finally, defendant claims that this court may evaluate his claims without the necessity of developing a record at an evidentiary hearing. However, defendant also moves for such a hearing of if this court deemed it necessary. The People will briefly address the claim substantively and then will respond the defendant's motion for an evidentiary hearing.

**Defendant's insanity claim.**

Defendant claims that his counsel should have been presented an insanity defense or in the alternative that his counsel should have raised a claim that defendant was incompetent to stand trial. The mere fact that defendant may be currently taking medication does not mean these claim warrants reversal. Specifically, defendant's ability to tender his plea and respond to the questioning by the court reflects the required mental capacity to establish his competency.[9] Additionally, defendant's acknowledgment of his plea and sentence agreement as well setting forth the factual basis for his plea does not support his claim that he was suffering from a mental illness nor due to that mental illness that he was insane as he lacked the capacity to appreciate the wrongfulness of his acts or the ability to conform his conduct to the requirements of the law.[10]

As the record does not support a finding that defendant was either incompetent to stand trial or insane, his counsel was not ineffective for refraining from raising such issues in defendant's case.

**Defendant's claim of self-defense.**

The defense of self-defense cannot be raised in the same case as insanity. With insanity, a defendant is claiming that due to his mental illness he could not appreciate the wrongfulness of acts or was unable to conform his conduct so that he should not be held criminally liable due to his lack of mental capacity. On the other hand, self-defense is based upon defendant's conscious choice based

---

[9] MCL 330.2020.

[10] MCL 768.21a.

upon his reasonable belief that he need to defend himself through the use of lethal force so that he was justified in taking the life of the victim.[11] Defendant cannot at the same time be so unaware the nature of his acts and at the same time be able to consciously evaluate a situation so that he can claim that he acted in a reasonable belief of suffering death or serious bodily harm so that he was justified in killing the victim.

As the record does support that defendant acted in self-defense, his counsel was not ineffective for refraining from raising this issue.

**Failure to interview witnesses**

Lastly, defendant's claim that his counsel's alleged failure to interview and present witnesses does not warrant this court granting of his motion. Here, defendant does even present the names of the alleged witnesses let alone make an offer of proof through their affidavit which would establish that their testimony provided defendant with a substantial defense which was known to counsel and that counsel chose not to investigate and present the defense established by these alleged witnesses.

The record does not support defendant's claim as defendant admitted to shooitng and killing the victim without any justification.

In *People v Pickens*,[12] our Supreme Court noted that defendant's trial counsel's action deprived him of the ability to present an alibi defense. However, the court affirmed defendant's conviction as defendant failed to establish that he was prejudiced by his counsel's actions since the witnesses did not testify at a hearing to substantiate on the record that their testimony provided defendant with an alibi.

---

[11] *People v Heflin*, 434 Mich 482 (1990).

[12] *People v Pickens,* 446 Mich 298 (1994).

Here, as the record does not support that any witnesses exist who would have provided defendant with a substantial defense and who were known to counsel, as with his other claims, defendant has failed to sufficiently establish grounds to warrant the granting of his motion.

**Necessity for an evidentiary hearing**

Finally, defendant moves in the alternative for an evidentiary hearing to develop a record to support his claim.

Defendant has the burden to establish a record needs to be developed as to why defendant's case was presented in the manner it was as such issues were not materially relevant to defendant plea. However, defendant is not entitled to such a hearing as a matter of right to go on a "fishing expedition." Rather, defendant is required to show from the record or at least make an offer of proof through affidavits of prospective witnesses that an evidentiary basis to support his claims can be established. Until the defendant makes such an offer, he is not entitled to such a reversal nor to a hearing.[13]

In *People v Ho,* the court held that defendant's bare claim that trial counsel's actions amounted to ineffective assistance of counsel without any supporting evidentiary claim was insufficient to require a *Ginther*[14] hearing or reverse defendant's conviction.

Likewise, in *People v Simmons,*[15] the court held that defendant's bare claim that his counsel failed to present a defense theory, witnesses, or defendant's testimony was insufficient to reverse defendant's conviction or to order an evidentiary hearing as no offer of proof nor testimony in the record supported such a claim.

---

[13] *People v Ho,* 231 Mich App 178, 191 (1998).

[14] *People v Ginther,* 390 Mich 436 (1973).

[15] *People v Simmons,* 140 Mich App 681, 685-686 (1985).

Here, as no basis has been presented which would support defendant's claims, defendant is not to a hearing.

## RELIEF REQUESTED

*WHEREFORE*, the People pray that this Court deny defendant's motion.

> Respectfully Submitted,
>
> KYM L. WORTHY
> Prosecuting Attorney
> County of Wayne
>
> TIMOTHY A. BAUGHMAN
> Chief of Research
> Training and Appeals
>
>
> FRANK J BERNACKI  P 26352
> Assistant Prosecuting Attorney
> 11th Floor, 1441 St. Antoine
> Detroit, Michigan  48226
> Phone: (313) 224-5785

G:\app.fjb\b.powell.cc.3.25.wpd

Dated: March 24, 2009

FJB/pw