STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff,

-v-                                Case No. 08-006961-01-FC

JAMES ANDREW POWELL,

                                 Hon.  Timothy M. Kenny

      Defendant.

## O R D E R

At a session of said Court held in the Frank Murphy
Hall of Justice, Detroit, Wayne County, Michigan,
on this:

               27th day of June, 2012

**PRESENT:**  Honorable Timothy M. Kenny
                  Hon. Timothy M. Kenny
                  Presiding Judge - Criminal Division
                  Third Judicial Circuit Court of Michigan

The Court being advised in the premises and for the reasons stated in the foregoing Opinion,

**IT IS ORDERED** that Defendant's motion for relief from judgment is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for an evidentiary hearing is hereby **DENIED.**

Hon. Timothy M. Kenny
Presiding Judge - Criminal Division
Third Judicial Circuit Court of Michig...

A TRUE COPY
CATHY M. GARRET,
WAYNE COUNTY CLERK

BY_____
                  DEPUTY CLERK

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff,

-v-

                              Case No. 08-006961-01-FC

JAMES ANDREW POWELL,

                              Hon.  Timothy M. Kenny

      Defendant.

---

## OPINION

This criminal matter is before the Court on a motion for relief from judgment filed by defendant James Andrew Powell, acting in *propria persona*.  For the reasons stated below, the Court will deny the motion.[1]

### I. PROCEDURAL HISTORY

Defendant was originally charged with one count of first-degree premeditated murder,[2] one count of felony murder,[3] two counts of assault with a dangerous weapon,[4]

---

[1]

Defendant has also filed a motion for an evidentiary hearing, which the Court will also deny.

[2] MCL 750.316(1)(a).

[3] MCL 750.316(1)(b).

[4] MCL 750.82.

1

one count of felony firearm,[5] and one count of felon in possession of a firearm.[6] He was also charged as a habitual offender, second offense. Per a plea agreement, he then pled guilty to a reduced charge of second-degree murder,[7] felony firearm, and two counts of assault with a dangerous weapon. Pursuant to a sentence agreement, he was sentenced to 2 years' imprisonment for felony firearm, a consecutive term of 25 to 40 years' imprisonment for second-degree murder, and concurrent terms of 2 to 4 years for each of the assault charges and 2 to 5 years for the felon in possession of a firearm charge. The first-degree premeditated murder and first-degree felony murder charges were dismissed.

Defendant then filed a motion to withdraw his guilty plea. However, the Court's Register of Actions does not indicate a disposition on this motion. Defendant's delayed application for leave to appeal was denied by the Court of Appeals and his application for leave to appeal the Court of Appeals' order and motion to remand were denied by the Supreme Court. The instant motion for relief from judgment followed.

## II. STANDARDS FOR DETERMINING MOTIONS FOR RELIEF FROM JUDGMENT

MCR 6.508(D) limits a defendant's entitlement to relief from judgment. If the defendant raises grounds for relief other than jurisdictional defects, relief may not be granted unless the defendant demonstrates both (a) good cause for failure to raise the grounds for relief on appeal or in a prior motion and (b) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a) and (b). In order to

---

[5]MCL 750.227b.

[6]MCL 750.224f.

[7]MC_

2

establish actual prejudice when challenging a conviction entered on a guilty plea, a defendant must show that, "the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(i).

Though somewhat unclear, Defendant seems to argue the following grounds in support of his motion: (1) that his counsel was ineffective because his plea agreement was an illusory agreement based on dismissal of two charges in exchange for an excessive sentence and because counsel failed to object to incorrectly scored offense variables, and both of these errors make his guilty plea unintelligent and involuntary; (2) that there was insufficient evidence of malice to constitute second-degree murder; (3) that the felony murder statute is unconstitutional regarding larceny as the predicate offense and does not specify that larceny under $1,000 is a misdemeanor and his charge was inappropriate as a result of the value of the larceny in his offense; (4) that PRV 7, which enhances a sentence for habitual offenders, violates the double jeopardy clause and the "title-object" clauses of the United States and Michigan Constitutions; and (5) that his appellate counsel was ineffective for failing to raise errors in the proceedings.

### III. ANALYSIS

### A. Ineffective Assistance of Counsel and Involuntary Plea

Defendant first argues that his counsel was ineffective because his plea bargain was illusory rendering it an involuntary and unintelligent plea, and that counsel failed to raise scoring errors during his sentencing.

With respect to claims of ineffective assistance of counsel, to demonstrate actual

prejudice when challenging a conviction entered on a guilty plea, the defendant must show that "the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand."   MCR 6.508(D)(3)(b)(ii). In addition, the Defendant bears the burden of overcoming the strong presumption of effective assistance of counsel and must show that counsel's performance fell below an objective standard of reasonableness and deprived him/her of a fair trial. *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995).

When a claim of ineffective assistance of counsel arises in the context of a plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly.   *People v Bordash*, 208 Mich App 1, 2; 527 NW2d 17 (1994).  "The question is not whether a court would, in retrospect, consider counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases." *People v Thew*, 201 Mich App 78, 89-90; 506 NW2d 547 (1993).  "Defense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). Furthermore, a defendant may be entitled to withdraw a guilty plea if the bargain on which the plea was based was illusory, i.e., if the defendant received no benefit from the agreement. *People v Harris*, 224 Mich App 130, 132; 568 NW2d 149 (1997). However, where the facts of the case indicate that the plea was voluntary, the plea will be upheld regardless of whether the defendant received consideration in return. *Id*. at 132-133.

In the instant case, . . . . . was originally charged with first-degree p . . . . . . .

murder and first-degree felony murder. These charges were dismissed in exchanged for his plea of guilty for second-degree murder, two counts of felonious assault, felon in possession of a firearm, and felony firearm. On the original charges, had he been found guilty, the sentences would have been mandatory life imprisonment, while after the plea, he actually received a two-year sentence for felony firearm and a consecutive sentence of 25 to 40 years' for second-degree murder to be served concurrently with the assault and felon in possession sentences. These sentences are significantly lower sentences than the mandatory life sentences for first-degree premeditated murder and felony murder. Therefore, he received a benefit from the agreement and his agreement was not illusory and was, thus, voluntary.

Defendant next argues that his counsel failed to raise objections to errors in scoring variables. He contends that OV1, OV3, and OV6 were incorrectly scored and that his counsel failed to object to the scores. Each of these variables was scored at 25 points according to the Sentencing Information Report. His total for all offense variables was 105. (The original score was 130, but the Court's record shows that OV12 was reduced from 25 points to zero points.).

With respect to OV1, which addresses the aggravated use of a weapon, OV1 should be scored at 25 points if "[a] firearm was discharged at or toward a human being..." Michigan Sentencing Guidelines Manual, p 17, West (2008). Defendant admitted to shooting the victim and the conviction was for seco... ... ... ... Thus, his gun was discharged and he had to have aimed at the victim for Defendant ... ... ... ... ... Therefore, a score of 25 for OV1 is ap... ... ... ...

5

As to OV3, which refers to the degree of physical injury to a victim, 25 points are assessed when "[l]ife threatening or permanent incapacitating injury occurred to a victim." Id at p 19. Because the victim died, the injury was permanent and incapacitating. Thus, 25 points is a correct score for OV3.

OV6 concerns the offender's intent to kill or injure another individual. 25 points should be scored for this variable when '[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." Id at p 20. Defendant admitted to killing the victim and the testimony elicited during the preliminary examination overwhelmingly indicated that Defendant instructed his girlfriend to retrieve a gun for him. This demonstrates an intent to either kill or do great bodily harm to another person. Thus, an OV6 score of 25 points is appropriate.

Any objection to these scores by trial counsel would have been futile and trial counsel has no obligation to raise a meritless motion or make a meritless objection. *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003); *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

Defendant also argues that his plea was based on dismissal of first-degree murder in exchange for a sentence exceeding the sentencing guidelines. Because the variables were correctly scored, Defendant's sentence for second-degree murder is well within guidelines. The sentencing guidelines for second-degree murder provide that, with PRV Level D with OV Level III, the sentence has a range of 270 months to 450 months. Michigan Sentencing Guidelines Manual, p 88, West (2005). Defendant's minimum

sentence of 25 years is well within that range.[8]  The maximum allowable is life and Defendant was given a maximum of 40 years' imprisonment.

Hence, both of Defendant's arguments regarding his counsel's ineffectiveness regarding an illusory bargain and regarding the allegedly incorrectly scored sentencing guidelines variables are without merit.  Therefore, Defendant has failed to demonstrate that his guilty plea was involuntary and unintelligent.

## B. Insufficient Evidence of Malice

Defendant also claims that his admission was insufficient to establish the element of malice as required in second-degree murder. The elements of second-degree murder are: (1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death. *People v McMullan*, 284 Mich App 149, 156; 771 NW2d 810 (2009). Malice is an act done with either an intent to kill, an intent commit great bodily harm, or an intent to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result. *People v Gillis*, 474 Mich 105, 138; 712 NW2d 419 (2006). Malice may be inferred from the facts and circumstances of a crime, including the use of a dangerous weapon. *People v Carines*, 460 Mich 750, 760; 597 NW2d 130 (1999).

Defendant admitted to the Court that he shot one man who died and two other men

---

[8]    Defendant improperly characterizes his sentence as 27 years to 40 years imprisonm        consecutive 2-year sentence for fo         The Court considers the                          tences for separate conv

were present who feared being shot. [Plea Transcript, p 8-9]. Because the evidence suggests that Defendant made more than one visit to the victim's house and went to get a gun before returning on his last visit and because Defendant used the gun, a dangerous weapon, to kill the victim, malice can be inferred from these circumstances. Indeed, Defendant, in his own affidavit, declares that he deliberately shot the victim and this declaration is a sufficient indication of the malice aspect of second-degree murder. [Defendant's Affidavit, ¶ 3]. Hence, the intent necessary to show the malice element of second-degree murder has been adequately established, *Carines, supra,* and Defendant's contention is without merit.

## C. Unconstitutionality of the Felony Murder Statute

Defendant's next claim is that the charge of first-degree felony murder was not proper because the felony murder statute is unconstitutional. The statute provides in pertinent part:

> (1) A person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life:
>
> (b) Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, kidnapping, vulnerable adult abuse in the first and second degree...
>
> [Emphasis added].
> MCL 750.316(1)(b).

Defendant argues that the cr[...] is not specified as a felony or misdemeanor

8

and that the predicate offense in his charge is a misdemeanor larceny because the value of the property he demanded was under $1,000.[9]

The elements of felony murder are (1) the killing of a human, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specified in the

---

[9]

If any of the following apply, the person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $2,000.00 or 3 times the value of the property stolen, whichever is greater, or both imprisonment and a fine:

(a) The property stolen has a value of $200.00 or more but less than $1,000.00.

MCL 750.356(4)(a).

***

If the property stolen has a value of less than $200.00, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00 or 3 times the value of the property stolen, whichever is greater, or both imprisonment and a fine.

MCL 750.356(5).

A witness testified during the preliminary examination that Defendant demanded $100 from the victim to whom Defendant provided a dog. Thus, MCL 750.356(5) would be the applicable larceny statute.

statute. *People v Smith*, 478 Mich 292, 318-319; 733 NW2d 351 (2007).  In the instant

case, the information alleged that Defendant murdered the victim "in the perpetration or

attempted perpetration of a larceny."

Defendant claims that felony murder must have a predicate offense which is also

a felony and not a misdemeanor and that the larceny he committed was a misdemeanor.

However, for the purposes of Michigan's felony murder statute, the value of the property

is irrelevant.

> A murder committed during the perpetration of, among other
> things, "larceny of any kind" is first-degree murder and
> punishable by life imprisonment. MCL  750.316; MSA §
> 28.548. <u>Even a misdemeanor larceny has been found
> sufficient for purposes of this statute.</u> *People v Williams,* 129
> Mich App 362, 368, 341 NW2d 143 (1983), rev'd on other
> grounds 422 Mich 381, 373 NW2d 567 (1985) (use of the
> defendant's confession); see also *People v Hawkins,* 114 Mich
> App 714, 717, 319 NW2d 644 (1982).
>
> [Emphasis added].
>
> *People v Malach*, 202 Mich App 266, 269-270; 507 NW2d 834
> (1993).

Thus, the value of the larceny is irrelevant to the whether or not it satisfies the felony-

murder statute. *Id.* See also *People v Hawkins*, 114 Mich App 714; 319 NW2d 644

(1982)(Felony-murder statute can encompass killings committed in the course of larcenies

which are not felonies.).

Therefore, Defendant's claim that Michigan's fel_____ _____ _____ is

unconstitutional is meritless because any kind of larceny may be the predi____ ___ ___

*Malach, su___.* Moreover, the issue is immaterial becaus_ the charge was dismissed and

Defendant, _____ _____ _____ __ _ redressed, no longer ___ _____ __ ____ __ the

statute. *Lee v Macomb Co Bd of Comm*, 464 Mich 726, 740; 629 NW2d 900 (2001).[10]

## D. PRV7 and Violation of Double Jeopardy and "Title-Object" Clauses

Defendant's fourth argument is that PRV7 serves to enhance a sentence due an offender's concurrent or subsequent felony convictions violates the Double Jeopardy and 'title-object" clauses of the United States and Michigan Constitutions.

Defendant was scored the maximum 20 points for prior record variable PRV7 because his conviction included two concurrent counts of assault with a dangerous weapon. He contends that this enhanced his sentence and he was punished twice for these offenses. He claims he was unaware of the enhancement. However, he tendered his plea in exchange for an agreed upon sentence that was appropriately within the sentencing guidelines.

---

10

In *Lee v Macomb Co Bd of Comm*, 464 Mich 726, 740; 629 NW2d 900 (2001), the Michigan Supreme Court adopted the following three-part test articulated in *Lujan v Defenders of Wildlife*, 504 US 555, 559-560; 112 S Ct 2130; 119 L Ed 2d 351 (1992) that a plaintiff must meet in order to establish standing:

> First, the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest, which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical'." Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "like as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

[Emphasis added].

As a preliminary matter, a challenge to scoring must be made at the time of sentencing. MCL 769.34(10) provides in part:

> A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

MCL 769.34(10).

Defendant failed to challenge the PRV7 score at the time of sentencing and the issue, is therefore, not preserved.  No discussion regarding this variable occurred and Defendant's trial counsel stated after discussing another variable: "Other than that, your Honor, we are prepared. Ready to proceed." [Sentencing Transcript, p 18, ln 13-14].

Notwithstanding Defendant's failure to preserve this issue at the time of sentencing, a "sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score. Scoring decisions for which there is any evidence in support will be upheld." [Emphasis added]; [Authorities omitted]. *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398, 400 (2006). Moreover, "if the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the  issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44, 48 (2006), quoting *People v Kimble*, 470 Mich 305, 310-311, 684 NW2d 669 (2004).  In the case at bar, even if Defendant had ra⸛⸛⸛ ⸛⸛ ⸛⸛ ⸛⸛ ⸛⸛ntencing, and he was scored at ze⸛⸛ ⸛⸛

PRV 7, his total score would be 25 points and he would still be at PRV Level D, placing him in the same place on the scoring grid as he would with 45 points.

With respect to Defendant's constitutional challenges, he relies on *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004) and *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000).[11] However, neither case applies to a plea based sentence. As *Blakely* held, when a defendant pleads guilty, the state is free to seek judicial sentence enhancements as long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. A scoring decision will be upheld if there is any evidence in the record to support it. *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006).

There seemingly is no authoritative case law specifically addressing Defendant's argument. Though not binding precedent, the Court finds persuasive reasoning in *People v Brady*, No 238736, 2003 WL 21675882 (Mich Ct App July 17, 2003). The *Brady* court

---

[11]

It should be noted that our Supreme Court has specifically held that the holding in *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004) is inapplicable to Michigan's sentencing scheme.

> Michigan, in contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum. The maximum is not determined by the trial judge but is set by law. M.C.L. § 769 . . . minimum is based on guidelines ranges...

> *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 286 (2004).

explained:

>Defendant next argues that prior record variable (PRV) 7, which concerns subsequent or concurrent felony convictions, M.C.L. § 777.57(1), was incorrectly scored at twenty points. According to defendant, his convictions of OUIL causing death, M.C.L. § 257.625(4), and negligent homicide, M.C.L. § 750.324, violate his federal and state constitutional rights to not be twice placed in double jeopardy. We disagree in both instances, and thus conclude that there was no error in the scoring of PRV 7.

>A double jeopardy challenge is a question of law that we review de novo. *People v. Kulpinski,* 243 Mich.App 8, 12; 620 NW2d 537 (2000). Defendant's federal double jeopardy rights were not violated because each of the offenses for which defendant was convicted requires proof of an element that the other does not. *Blockburger v. United States,* 284 U.S. 299, 304; 52 S Ct 180; 76 L.Ed.2d 306 (1932); *People v. Denio,* 454 Mich. 691, 707; 564 NW2d 13 (1997); cf *Kulpinski, supra* at 15-16, 23. See M.C.L. § 257.625(4); MCL 750.324. Nor were defendant's state double jeopardy rights violated because the two statutes are intended to prohibit conduct affecting distinct societal norms. Cf *Kulpinski, supra* at 10-24; *People v. Ayers,* 213 Mich.App 708, 716-721; 540 NW2d 791 (1995).

>To the extent that defendant further claims that PRV 7 was improperly scored because his conviction of failure to stop at the scene of a serious personal injury accident, M.C.L. § 257.617, should have been dismissed for insufficient evidence, and because the negligence homicide conviction must be vacated on double jeopardy grounds, our previous conclusions concerning these arguments render defendant's instant argument concerning PRV 7 without merit.

Thus, a double jeopardy violation occurs only when the actual convictions are the same and they each require proof of the same elements. *Id.* Double jeopardy rights are not violated when each of the offenses for which a defendant is convicted requires proof of an element that the other does not. *Blockburger v United States,* 284 U.S. 299, 304; 52 S Ct

180; 76 L Ed 2d 306 (1932).

In this case, Defendant was convicted of several felonies, all of which were different or concerned different parties and/or different elements. Defendant was not punished for the same offense twice because of PRV7, but this scoring variable is a only a weighing factor regarding a defendant's relationship with the criminal justice system. See also *People v Jarvi*, 216 Mich App 161, 163-64; 548 NW2d 676 (1996) (No improper double counting occurred when the defendant's kidnapping conviction was taken into account both in assessing 15 points for offense variable 5 of the state sentencing guidelines, which relates to moving the victim to another place or a situation of greater danger, and in assessing 20 points under prior record variable 7 based on two or more subsequent or concurrent felony convictions; the two variables were concerned with different purposes.).

Therefore, Defendant's claim that assessment of PRV7 enhances a sentence and violates the Double Jeopardy clause is without merit. He has failed to demonstrate that a "defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(i).

Defendant also asserts that the PRV7 assessment violates the "title-object" clause of the Michigan Constitution. Defendant provides no authority for his position. Moreover, Defendant has not established how any such violation would affect his particular situation. As explained above, a change downward of Defendant's PRV7 score would not alter Defendant's sentence under the guidelines. Finally, a defendant may not merely announce his claims and leave it to the court to discover and rationalize the basis for them, nor may he give issues cursory treatment with little or no citation of supporting authority. *People v*

*Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). Therefore, Defendant's assertion must fail.

### E. Ineffective Assistance of Appellate Counsel

Defendant's last argument is that he was not afforded effective assistance of appellate counsel because counsel failed to raise the issues Defendant raises herein. Defendant also asserts that counsel indicated that, in the context of Defendant's guilty plea, there was no basis for an appeal. Under MCR 6.302(5), an appeal from the conviction and sentence pursuant to the plea will be by application for leave to appeal and not by right. Thus, a defendant must file an application for leave to appeal which, in the instant case, was denied.

The test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel. *People v Pratt*, 254 Mich App 425, 430; 656 NW2d 866 (2002). Defendant must show that appellate counsel's decisions fell below an objective standard of reasonableness and prejudiced his appeal. In addition, the representation of appellate counsel cannot be deemed ineffective for failing to raise indisputable issues since an attorney is not required to make meritless arguments. *Riley, supra; Goodin, supra*. Because none of the issues raised by Defendant have merit, Defendant cannot show that appellate counsel's performance fell below an objective standard of reasonableness, nor did the performance prejudice the appeal because no attorney is required to present such meritless arguments.

Even if appellate counsel's performance had fallen below an objective standard, the proper remedy available to Defendant is a new appeal. *People v Percy*, 127 Mich App 1, 10;

NW2d 398 (1983).  The grant of an appeal on this basis is solely for the Court of Appeals to decide, and not within this Court's purview. MCL 600.308; MCR 7.203(A)(1). This Court has no authority to order a new appeal.  See also, *People v Oster,* 97 Mich App 122, 141; 294 NW2d 253 (1980) (The sole remedy for ineffective assistance of appellate counsel is a new appeal," not an order granting a new trial.).

## IV. CONCLUSION

Therefore, for the foregoing reasons, Defendant has neither shown good cause for failing to raise the above issues in his prior appeal nor has he demonstrated "actual prejudice" from any of these alleged irregularities. MCR 6.508(D)(3); MCR 6.508(D)(3)(a); MCR 6.508(D)(3)(b).  Accordingly, the Court will deny Defendant's motion for relief from judgment.

Hon. Timothy M. Kenny
Presiding Judge - Criminal Division
Third Judicial Circuit Court of Michigan

DATED: 6/27/12