# Court of Appeals, State of Michigan

# ORDER

People of MI v James Andrew Powell

Docket No.   293213

LC No.   08-006961-FC

Jane M. Beckering
Presiding Judge

Joel P. Hoekstra

Douglas B. Shapiro
Judges

The Court orders that the delayed application for leave to appeal is DENIED for lack of merit in the grounds presented.

_____
Presiding Judge



A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

OCT 0 7 2009

_____
Date

_____
Chief Clerk

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN
          Plaintiff

v                                                        08-6961- 01

JAMES ANDREW POWELL
          Defendant
_____/

WAYNE County Prosecutor
For the People
_____/

**APPLICATION FOR LEAVE TO APPEAL**

PROOF OF SERVICE

Respectfully submitted,

_____
Joseph L. Stewart (P-21016)
Attorney for Defendant
23211 Gardner St.
Oak Park, Mi. 48237
248-545-0100

Dated: July 19, 2009

i

# APPLICATION FOR LEAVE TO APPEAL
# AFFIDAVIT OF NONCULPABLE NEGLECT

NOW COMES DEFENDANT JAMES ANDREW POWELL and says:

1. James Andrew Powell pled guilty of one count of 2nd degree murder, contrary to MCL 750.317, two counts of assault with a dangerous weapon, contrary to MCL 750.82, felon in possession of a firearm, MCL 750.224F, and one count of Weapons/Felony Firearm, contrary to MCL 750.227B-A, before the honorable Timothy M. Kenny of the Wayne County Circuit Court Criminal Division. Mr. Powell was sentenced by Judge Kenny on August 20, 2008 to (25) to 40 years on the homicide case, (2) to (4) years on the assault with a dangerous weapon cases, (2) to (5) years on the possession of a firearm by a felon, and the mandatory consecutive two years for the felony firearm, with 140 days jail credits.

2. Mr. Powell requested appointment of appellate counsel on or about September 30, 2008 and counsel was appointed. Mr. Powell requested that substitute counsel be appointed and on April 2, 2009 the undersigned was appointed. Mr. Powell has no culpable neglect in this case and appeals by application for leave, pursuant to MCR 7.205.

3. Mr. Powell's moves to correct his invalid sentence and requests that this application be granted.

## MOTION TO REMAND

**NOW COMES** DEFENDANT JAMES ANDREW POWELL and says:

1. James Andrew Powell pled guilty of one count of 2nd degree murder, contrary to MCL 750.317, two counts of assault with a dangerous weapon, contrary to MCL 750.82, felon in possession of a firearm, MCL 750.224F, and one count of Weapons/Felony Firearm, contrary to MCL 750.227B-A, before the honorable Timothy M. Kenny of the Wayne County Circuit Court Criminal Division. Mr. Powell was sentenced by Judge Kenny on August 20, 2008 to (25) to 40 years on the homicide case, (2) to (4) years on the assault with a dangerous weapon cases, (2) to (5) years on the possession of a firearm by a felon, and the mandatory consecutive two years for the felony firearm, with 140 days jail credits.

2. Mr. Powell requested appointment of appellate counsel on or about September 30, 2008 and counsel was appointed. Mr. Powell requested that substitute counsel be appointed and on April 2, 2009 the undersigned was appointed. Mr. Powell has no culpable neglect in this case and appeals by application for leave, pursuant to MCR 7.205.

3. Mr. Powell's moves to correct his invalid sentence for the reasons stated herein and requests that this matter be remanded to the lower court for resentencing.

## TABLE OF CONTENTS

Application for Leave to Appeal ................................................................. ii

Affidavit of Non culpable Neglect............................................................... ii

Motion to Remand...................................................................................... iii

Index of Authorities.................................................................................... v

Basis of Jurisdiction................................................................................... vi

Standard of Review................................................................................... vi

Statement of Questions Presented........................................................... vi

Statement of Facts.................................................................................... 2

Argument.................................................................................................. 3

**DEFENDANT ASSERTS THAT THE SENTENCE OF 25 TO 40 YEARS WAS INVALID BECAUSE IT WAS NOT INDIVIDUALIZED.**

Summary and Relief Requested............................................................... 5

Appendices:

Presentence Report

## INDEX OF AUTHORITIES

**Federal Cases**
530 US 466, 490 (2000)     6
Blakely v Washington, 542 US 296 (2004)     5
Michigan v McCuller, 127 S Ct 1247 (2007)     6
Townsend v Burke, 334 U.S. 736 (1948)     3
Williams v New York, 337 U.S. 241, 245, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949)     5

**State Cases**
287 NW2d 165 (1980)     4
458 NW2d 17 (1990)     4
People v Books, 95 Mich App 500 (1988)     4
People v Claypool, 470 Mich 715 (2004)     5
People v Drohan, 475 Mich 140 (2006)     6
People v Eason, 435 Mich 228, 233     4
People v Hellis, 211 Mich App 634 (1995)     5
People v Kimble, 470 Mich 305 (2004)     5
People v Malkowski, 385 Mich 244 (1971)     3
People v McCuller, 479 Mich 672 (2007)     6
People v Triplett, 407 Mich 510, 515     3
People v Whalen 412 Mich 166 (1981)     5

**Federal Statutes**
US Const amends VI     6

**State Statutes**
MCL 750.224F     ii, iii, 2
MCL 750.227     ii, iii, 2
MCL 750.317     ii, iii, 2
MCL 750.82     ii, iii, 2

## BASIS OF JURISDICTION

Mr. Powell requested appointment of appellate counsel on and counsel was appointed on. Mr. Powell has no culpable neglect in this case and appeals by application for leave, pursuant to MCR 7.205.

## STANDARD OF REVIEW

In Michigan, a trial court's authority to resentence is limited; MCR 6.429. A court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid.

Mr. Powell preserves the question of whether the court may increase his minimum sentence by relying on facts neither admitted by Mr. Powell during the plea, nor proven to a jury beyond a reasonable doubt; Blakely v Washington, 542 US 296 (2004).

## STATEMENT OF QUESTIONS PRESENTED

**WAS DEFENDANT'S SENTENCE OF 25 TO 40 YEARS INDIVIDUALIZED?**

**DEFENDANT SAYS:** NO !!

## STATEMENT OF FACTS

James Andrew Powell, who had been charged with first degree premeditated murder and with felony murder, appeared before the honorable Timothy Kenny on July 30, 2008 and agreed to accept a plea bargain. The prosecutor agreed to dismiss both the first degree premeditated murder and felony murder charges in exchange for Mr. Powell pleading guilty of: one count of 2nd degree murder, contrary to MCL 750.317, two counts of assault with a dangerous weapon, contrary to MCL 750.82, felon in possession of a firearm, MCL 750.224F, and one count of Weapons/Felony Firearm, contrary to MCL 750.227B-A; pt 3. A sentence agreement was stated: Mr. Powell was to be sentenced to 25 to 40 years on the second degree murder plus two years consecutive on the felony firearm. There was no specific agreement as to the remaining charges; pt 4.

Mr. Powell, (28) years of age stated he understood the agreement and that since he was on probation, his probation would be violated; pt 6. Mr. Powell forthrightly admitted that on July 21, 2007, in front of 6898 Rutland, in the City of Detroit, that he shot Haider Al-Ganzawi one time and as a result, Mr. Al-Ganzawi died; pt 8. Mr. Powell also admitted that two other individuals, who were in the immediate vicinity, were put in fear of being assaulted with the firearm he was carrying; pt 9. He also admitted that he previously had been convicted of the felony of possession with intent to delivery marijuana and that his legal right to possess or carry a firearm had not been restored; pt 10. Finally, he admitted being in possession of a firearm, a pistol, that was used to shoot the complainant; pt 10.

At the sentencing, when defense counsel argued that that the agent's description

2

of the offense in the presentence report was inaccurate, the judge agreed to correct the report and delete the sentence which stated that after Mr. Powell shot the complainant he: "began firing shots at the witnesses," since that was not the case; st 4. Counsel also objected to the accuracy of the report as to the victim's impact statement which included a notation by a victim: "I see him in court and he laughs all the time;" PSI 2; st 6. Judge Kenny stated that he had never observed any such disrespectful behavior exhibited by Mr. Powell but left the language in the report, stating that a victim may have noticed this in another court; st 6.

## ARGUMENT

**DEFENDANT ASSERTS THAT THE SENTENCE OF 25 TO 40 YEARS WAS INVALID BECAUSE IT WAS NOT INDIVIDUALIZED.**

STANDARD OF REVIEW

In Michigan, a trial court's authority to resentence is limited; MCR 6.429. A court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid.

Mr. Powell respectfully submits that the court's sentence must be corrected because the sentence was not individualized. A defendant must be sentenced on the basis of accurate information; Townsend v Burke, 334 U.S. 736 (1948); People v Malkowski, 385 Mich 244 (1971); People v Triplett, 407 Mich 510, 515; 287 NW2d 165

3

(1980); People v Eason, 435 Mich 228, 233; 458 NW2d 17 (1990).

In the instant case Mr. Powell had begun to develop a career by attending college. He showed promise as a student and according to him attended Ferris State college for three years. Thereafter, he demonstrated the capacity to be a successful business person in his activities. To his detriment, however, some of the real acumen he showed involved selling illicit substances as a way to support his attendance in college and this seemed to have continued when he left school. The instant offense involved drugs. The court was not apprized of the facts of the case, however, and that Mr. Powell was placed in a situation where he was essentially defending himself when this homicide occurred.

The victim in the case, Haider Al-Ganzawi was someone to whom Mr. Powell had sold drugs. Mr. Powell went to Mr Al-Ganzawi's home since he was owed some money. He had been in the home numerous times and on this occasion, the victim was present with numerous male members of his family, so this was not a situation where Mr. Powell was exhibiting threatening behavior. Rather, Mr. Al-Ganzawi threatened Mr. Powell and forced him to leave his house. Mr. Powell did return with a girlfriend and was standing outside of Al-Ganzawi's house talking to Al-Ganzawi's cousin when Al-Ganzawi came outside, pointed a handgun at him and shoved him. It was only at that time did Powell pull out his weapon. Powell shot Al-Ganzawi in the hip, not intending to kill him, but unfortunately he died.

Mr. Powell is entitled to be resentenced if the lower court is not fully apprized of important facts relevant to a fair determination of the defendant's character and antecedents; People v Books, 95 Mich App 500 (1988); People v Whalen 412 Mich

4

166 (1981). It is submitted that had the court understood all of the circumstances, a lesser sentence would have been executed in this case. The lower court also has the duty to individualize its sentences; Williams v New York, 337 U.S. 241, 245, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949). Mr. Powell maintains that his sentence was not individualized in this case because of the above and also, because the court never really was informed of the achievements and great potential Mr. Powell represented.

II. **DUE PROCESS REQUIRES RESENTENCING WHERE THE COURT ENHANCED MR. POWELL'S SENTENCE BASED ON FACTS NEITHER ADMITTED BY MR. HOLDEN NOR PROVEN TO A JURY BEYOND A REASONABLE DOUBT. US CONST AM VI, XIV.**

Issue Preservation and Standard of Review. Though Mr. Powell did not challenge the court's fact-based scoring of his legislative guidelines, this issue is properly raised for the first time in this application; People v Kimble, 470 Mich 305 (2004). As outlined below, Mr. Powell's sentence is plainly illegal under Blakely v Washington, 542 US 296 (2004). Mr. Powell primarily raises this issue for purposes of preserving it for further appeal.

The court increased Mr. Powell's minimum sentence by relying on facts neither admitted by Mr. Powell during the plea, nor proven to a jury beyond a reasonable doubt. Mr. Powell is thus entitled to resentencing; Blakely v Washington, supra. In Blakely, the U.S. Supreme Court reaffirmed the central holding in Apprendi v New Jersey that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime

5

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US 466, 490 (2000).

Mr. Powell acknowledges that the Michigan Supreme Court recently held that Blakely does not apply to Michigan's "indeterminate" sentencing scheme. See People v Drohan, 475 Mich 140 (2006), People v McCuller, 479 Mich 672 (2007). Mr. Powell contends these cases are wrongly decided, as they are wholly contradictory to Blakely's directive. Therefore, she continues to argue for resentencing in the likely event that Drohan and McCuller are overruled by the United States Supreme Court. See Michigan v McCuller, 127 S Ct 1247 (2007) (vacating original McCuller judgment and remanding for reconsideration in light of Cunningham v California, 127 S Ct 856 (2007), which reaffirmed central principle articulated in Blakely).

As noted above, the relevant inquiry under Blakely "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings;" Blakely at 302. Thus, as in Michigan, where a judge must engage in additional fact-finding before increasing a legislatively prescribed sentence, a defendant has a due process right for a jury to determine those facts beyond a reasonable doubt; US Const amends VI, XIV; Blakely at 304-305. Ultimately, the sentence imposed must be authorized on the basis of the jury's verdict or defendant's plea alone. Apprendi at 494.

## SUMMARY AND RELIEF REQUESTED

For the reasons stated above, Mr. Powell requests that the matter be remanded for resentencing.

RESPECTFULLY SUBMITTED

Joseph L. Stewart P-21016
23211 Gardner St.
Oak Park, Mi. 48237
248-545-7011

July 19, 2009

Approved, SCAO

Original – Court
1st copy – Corrections
2nd copy – Corrections (for return)
3rd copy – Michigan State Police CJIC
4th copy – Defendant
5th copy – Prosecutor
6th copy – Cashier

**STATE OF MICHIGAN**
**THIRD JUDICIAL CIRCUIT**
**WAYNE COUNTY**

ORI MI- 821095J

Police Report No.

Court Address: 1441 St. Antoine, Detroit, MI 48226

**JUDGMENT OF SENTENCE COMMITMENT TO DEPARTMENT OF CORRECTIONS**

Courtroom 602

CASE NO. 08-006961-01-FC

Court Telephone No. 313-224-

THE PEOPLE OF THE STATE OF MICHIGAN

v

Defendant's name, address, and telephone no.
James Andrew Powell
3002 Virginia Park

Prosecuting attorney name: Lawrence Stuart Talon
Bar no. 36707

CTN/TCN 07718778-01
SID MI-2049516X
DOB 06/02/1980

Defendant attorney name: Douglas D. Hampton
Bar no. 46378

**THE COURT FINDS:**
1. The defendant was found guilty on 07/30/08 of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1 | G | - | - | - | MURDER 2 | 750.317 |
| 2 | G | - | - | - | FEL ASSAULT | 750.82 |
| 3 | G | - | - | - | FEL ASSAULT | 750.82 |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).
☐ 3. HIV testing and sex offender registration is completed.
☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**
☐ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is ☐ prohibited. ☐ permitted.
7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

MI-P400367067415
Defendant's driver license number

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 1 | 08/20/2008 | 25 | 0 | 0 | 40 | 0 | 08/20/2008 | 0 | 0 | -- |
| 2 | 08/20/2008 | 2 | 0 | 0 | 4 | 0 | 08/20/2008 | 0 | 0 | -- |
| 3 | 08/20/2008 | 2 | 0 | 0 | 4 | 0 | 08/20/2008 | 0 | 0 | -- |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
☐ each other. ☐ case numbers _____

9. Defendant shall pay as follows: Final Atty $ _____ ; $ rtned _____ ; Fines $ 0.00 ; Court Costs $ 600.00
Crime Victim Assessment $ 60.00 at sentencing ; State Minimum Costs ($60.00 x 1 = $ 60.00 TOTAL $ 720.

The due date for payment is _____. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall suspend for _____ days issued by _____ permanently revoke _____ the concealed weapon license, permit number _____ County.

☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 780.520n.
12. Court recommendation: COUNTS 1,2,3 & 4 TO BE SERVED CONCURRENT AND CONSECUTIVE TO COUNT 5.

Date: AUGUST 20, 2008

Judge: TIMOTHY M. KENNY   P-23009 Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

CC 219b-3CC – (8/2007) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS   MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766 MCR

| Approved, SCAO | Original – Court | 1st copy – Corrections<br>2nd copy – Corrections (for return)<br>3rd copy – Michigan State Police CJIC | 4th copy – Defendant<br>5th copy – Prosecutor<br>6th copy – Cashier |
|---|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>08-006961-01-FC |
|---|---|---|

ORI MI – 821095J  Court Address  1441 St. Antoine, Detroit, MI 48226  Courtroom 602  Court Telephone No. 313-224-5170
Police Report No.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's name, address, and telephone no.<br>James Andrew Powell<br>3002 Virginia Park |
|---|---|---|

| | CTN/TCN<br>07718778-01 | SID<br>MI-2049516X | DOB<br>06/02/1980 |
|---|---|---|---|

Prosecuting attorney name  Bar no.
Lawrence Stuart Talon  36707

Defendant attorney name  Bar no.
Douglas D. Hampton  46378

**THE COURT FINDS:**
1. The defendant was found guilty on 07/30/2008 of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 4 | G | - | - | — | FELON IN POSSESSION | 750.224F |
| 5 | G | - | - | — | FELONY FIREARM | 750.227B-A |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).
☐ 3. HIV testing and sex offender registration is completed.      MI-P400367067415
☐ 4. The defendant has been fingerprinted according to MCL 28.243.  Defendant's driver license number

**IT IS ORDERED:**
☐ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is  ☐ prohibited.  ☐ permitted.
7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 4 | 08/20/2008 | 2 | 0 | 0 | 5 | 0 | 08/20/2008 | 0 | 0 | — |
| 5 | 08/20/2008 | 2 | 0 | 0 | 2 | 0 | 08/20/2008 | 0 | 140 | — |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
  ☐ each other.  ☐ case numbers
9. Defendant shall pay as follows: Final Atty  $ rtned  ; Fines  $ 0.00  ; Court Costs  $ 600.00 ;
  Crime Victim Assessment  $ 60.00  ; State Minimum Costs ($60.00 x  1  ) =  $ 60.00    TOTAL  $ 720.

The due date for payment is  at sentencing  . Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall  suspend for  days  permanently revoke  the concealed weapon license, permit number  issued by  County.
☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 780.520n.
12. Court recommendation: COUNTS 1,2,3 & 4 TO BE SERVED CONCURRENT AND CONSECUTIVE TO COUNT 5

AUGUST 20, 2008
Date                Judge  TIMOTHY M. KENNY                P-23009
                                                            Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

CC 219b-3CC – (8/2007) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS        MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22,
                                                                                              MCL 780.766 MCR 6.427(A)

| | | |
|---|---|---|
| Approved, SCAO  Original – Court | 1st copy – Corrections<br>2nd copy – Corrections (for return)<br>3rd copy – Michigan State Police CJIC | 4th copy – Defendant<br>5th copy – Prosecutor<br>6th copy - Cashier |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>08-006961-01-FC |
|---|---|---|
| ORI MI – 821095J  Court Address | 1441 St. Antoine, Detroit, MI 48226  Courtroom  602 | Court Telephone No.  313-224-5170 |

Police Report No.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's name, address, and telephone no.<br>James Andrew Powell<br>3002 Virginia Park |
|---|---|---|

| | | | |
|---|---|---|---|
| | | CTN/TCN<br>07718778-01 | SID<br>MI-2049516X | DOB<br>06/02/1980 |
| Prosecuting attorney name<br>Lawrence Stuart Talon | Bar no.<br>36707 | Defendant attorney name<br>Douglas D. Hampton | Bar no.<br>46378 |

**THE COURT FINDS:**
1. The defendant was found guilty on 07/30/08 of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 1 | G | - | - | -- | MURDER 2 | 750.317 |
| 2 | G | - | - | -- | FEL ASSAULT | 750.82 |
| 3 | G | - | - | -- | FEL ASSAULT | 750.82 |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).
☐ 3. HIV testing and sex offender registration is completed.    MI-P400367067415
☐ 4. The defendant has been fingerprinted according to MCL 28.243.    Defendant's driver license number

**IT IS ORDERED:**
☐ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is    ☐ prohibited.    ☐ permitted.
7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 1 | 08/20/2008 | 25 | 0 | 0 | 40 | 0 | 08/20/2008 | 0 | 0 | -- |
| 2 | 08/20/2008 | 2 | 0 | 0 | 4 | 0 | 08/20/2008 | 0 | 0 | -- |
| 3 | 08/20/2008 | 2 | 0 | 0 | 4 | 0 | 08/20/2008 | 0 | 0 | -- |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
   ☐ each other.    ☐ case numbers

9. Defendant shall pay as follows: Final Atty $ rtned ; Fines $ 0.00 ; Court Costs $ 600.00 ;
   Crime Victim Assessment $ 60.00 ; State Minimum Costs ($60.00 x 1 = $ 60.00 TOTAL $ 720.

The due date for payment is __at sentencing__. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall _____ suspend for _____ days _____ permanently revoke the concealed weapon license, permit number _____ issued by _____ County.

☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 780.520n.
12. Court recommendation: COUNTS 1,2,3 & 4 TO BE SERVED CONCURRENT AND CONSECUTIVE TO COUNT 5.

AUGUST 20, 2008
Date                                       Judge  TIMOTHY M. KENNY                          P-23009
                                                                                              Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)
                                            _____
                                            Deputy court clerk

CC 219b-3CC – (8/2007) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS    MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22,
                                                                                         MCL 780.766  MCR 6.427(A)

| | | |
|---|---|---|
| Approved, SCAO    Original – Court | 1st copy – Corrections<br>2nd copy – Corrections (for return)<br>3rd copy – Michigan State Police CJIC | 4th copy – Defendant<br>5th copy – Prosecutor<br>6th copy - Cashier |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>08-006961-01-FC |
|---|---|---|

| ORI MI - 821095J | Court Address 1441 St. Antoine, Detroit, MI 48226 | Courtroom 602 | Court Telephone No. 313-224-5170 |
|---|---|---|---|

Police Report No.

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN | v   Defendant's name, address, and telephone no.<br>James Andrew Powell<br>3002 Virginia Park |

| CTN/TCN | SID | DOB |
|---|---|---|
| 07718778-01 | MI-2049516X | 06/02/1980 |

| Prosecuting attorney name | Bar no. | Defendant attorney name | Bar no. |
|---|---|---|---|
| Lawrence Stuart Talon | 36707 | Douglas D. Hampton | 46378 |

**THE COURT FINDS:**
1. The defendant was found guilty on 07/30/2008 of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 4 | G | - | - | - | FELON IN POSSESSION | 750.224F |
| 5 | G | - | - | - | FELONY FIREARM | 750.227B-A |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).    MI-P400367067415
☐ 3. HIV testing and sex offender registration is completed.    Defendant's driver license number
☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**
☐ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is    ☐ prohibited.    ☐ permitted.
7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 4 | 08/20/2008 | 2 | 0 | 0 | 5 | 0 | 08/20/2008 | 0 | 0 | --- |
| 5 | 08/20/2008 | 2 | 0 | 0 | 2 | 0 | 08/20/2008 | 0 | 140 | --- |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
    ☐ each other.    ☐ case numbers
9. Defendant shall pay as follows: Final Atty   $ rtned    ; Fines   $ 0.00    ; Court Costs   $ 600.00   ;
    Crime Victim Assessment   $ 60.00    ; State Minimum Costs ($60.00 x   1   =   $ 60.00    TOTAL   $ 720.

The due date for payment is   at sentencing    . Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall    suspend for    _____ days    permanently revoke   the concealed weapon license, permit number _____ issued by _____ County.
☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 780.520n.
12. Court recommendation: COUNTS 1,2,3 & 4 TO BE SERVED CONCURRENT AND CONSECUTIVE TO COUNT 5

| AUGUST 20, 2008 | | |
|---|---|---|
| Date | Judge   TIMOTHY M. KENNY | P-23009<br>Bar no. |

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

CC 219b-3CC – (8/2007) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS    MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766 MCR 6.427(A)