UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES POWELL,

      Petitioner,

v.
                                     CASE NO. 11-12841
                                     HONORABLE AVERN COHN

SHERRY BURT,

      Respondent.

_____/

**MEMORANDUM AND ORDER**
**DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner, proceeding pro se, challenges his state court convictions, following a guilty plea, of second-degree murder, assault with a dangerous weapon (felonious assault), and felony firearm.  He claims that his trial and appellate attorneys were ineffective and that he was sentenced on the basis of inaccurate information.  Respondent contends that Petitioner procedurally defaulted some of his claims and that none of his claims merit habeas relief.  The Court agrees that Petitioner's claims lack merit.  Accordingly, the petition will be denied.

## II. Background

As gleaned from the plea colloquy, the charges against Petitioner arose from an incident in which Petitioner shot and killed one victim.  Two other individuals were present with the murder victim at the time of the shooting.  Although Petitioner did not

1

point a gun at or shoot these two other individuals, his use of a gun in their presence put them in fear and formed the basis for Petitioner being charged with two counts of felonious assault.

Petitioner was charged with two counts of first-degree murder,[1] two counts of felonious assault, one count of being a felon in possession of a firearm, and one count of possessing a firearm during the commission of a felony (felony firearm). Petitioner pleaded guilty to one count of second-degree murder, M.C.L. § 750.317, two counts of felonious assault, M.C.L. § 750.82, one count of felon in possession of a firearm, M.C.L. § 750.224f, and one count of felony firearm, M.C.L. § 750.227b. In return, the prosecution dismissed the two counts of first-degree murder. The parties also agreed to a sentence of twenty-five to forty years in prison for the murder conviction, two consecutive years in prison for the felony-firearm conviction, and whatever sentence the trial court wanted to impose for the other convictions.

The trial court sentenced Petitioner in accordance with the plea and sentence agreement. Petitioner received a sentence of twenty-five to forty years for the murder conviction, concurrent sentences of two to five years for the felon-in-possession conviction and two to four years for the felonious assault convictions, and a consecutive term of two years for the felony-firearm conviction.

Petitioner later moved to withdraw his plea on grounds that his trial attorney was ineffective and that he was actually innocent of the murder and assault charges. The state court's register of actions does not reflect a ruling on the motion.

---

[1] Although there was one murder victim, the prosecutor proceeded on two theories: premeditated murder and murder during the commission of another felony.

2

Petitioner then moved for leave to appeal, contending that (1) his sentence of twenty-five to forty years was invalid because it was not individualized and (2) he was entitled to be re-sentenced because the trial court enhanced his sentence on the basis of facts that he did not admit and that were not proved to a jury beyond a reasonable doubt. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. See People v. Powell, No. 293213 (Mich. Ct. App. Oct. 7, 2009). The Michigan Supreme Court also denied leave to appeal because it was not persuaded to review the issues. See People v. Powell, 785 N.W.2d 148 (2010).

In 2011, Petitioner filed a habeas petition, claiming that trial court sentenced him on the basis of inaccurate information and on facts that he did not admit and that were not determined by a jury. See Doc. 1. Petitioner also moved to hold his habeas petition in abeyance while he exhausted state remedies for three additional claims. See Doc. 2. The Court granted Petitioner's motion to hold his case in abeyance and then closed the case for administrative purposes. See Doc. 4.

Petitioner then returned to state court and filed a motion for relief from judgment, contending that: (1) his plea bargain was illusory and the plea was neither voluntary, nor intelligent; (2) the felony-murder statute was unconstitutional; (3) trial counsel failed to raise specific sentencing-scoring errors; and (4) prior-record variable seven was unconstitutional. He later supplemented his motion to add the following arguments: (5) his appellate attorney was "cause" for his failure to raise significant constitutional claims during the first appeal; (6) a person cannot lawfully be charged with, or convicted of, felony murder where the predicate offense is misdemeanor larceny; and (7) his guilty

3

plea was illusory and, but for trial counsel's ineffective assistance, he would not have

pleaded guilty.  The trial court found no merit in Petitioner's claims and also stated that

Petitioner had not shown "good cause" under Michigan Court Rule 6.508(D)(3) for

failing to raise his claims on direct appeal and "actual prejudice" from any of the alleged

irregularities.  See People v. Powell, No. 08-006961-01-FC, Opinion (Wayne Cty. Cir.

Ct. June 27, 2012).

Petitioner appealed the trial court's decision.  The Michigan Court of Appeals

denied leave to appeal for failure to establish entitlement to relief under Michigan Court

Rule 6.508(D).  See People v. Powell, No. 314070 (Mich. Ct. App. Sept. 13, 2013).

The Michigan Supreme Court denied leave to appeal for the same reason.  See People

v. Powell, 843 N.W.2d 198 (2014).

In 2014, Petitioner returned to federal court and filed an amended petition, see

Doc. 11, along with a motion to re-open this case, see Doc. 10.  The Court granted the

motion to reopen. (Doc. 14).  The amended petition asserts the following grounds for

relief:  (1) trial counsel was ineffective for giving Petitioner unreasonable advice

regarding the plea offer; (2) the trial court sentenced Petitioner on the basis of

inaccurate information; (3) trial counsel was ineffective for failing to object to the

sentencing judge's reliance on inaccurate information; and (4) appellate counsel was

ineffective for failing to raise claims one through three on direct appeal and, instead,

raising frivolous or irrelevant claims and then abandoning those claims.  The Court

granted Petitioner's motion to re-open this case, see Doc. 14, and on October 2, 2014,

4

the State filed an answer to the habeas petition, see Doc. 16. Finally, on November 3, 2014, Petitioner filed a reply to the State's answer. See Doc. 18.

### III. Standard of Review

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.' " Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413).

5

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly,

> [w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted).

Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (per curiam). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.

In simple terms, the Supreme Court has said that the standard of review is "difficult to meet" and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Harrington, 562 U.S. at 102, and Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)). The Supreme Court has further said that a federal court must guard against "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 559 U.S. 766, 779 (2010).

6

Finally, a federal habeas court must presume the correctness of state court factual determinations.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.  Analysis

As an initial matter, although the State maintains that most of Petitioner's claims are procedurally default, a procedural default is not a jurisdictional matter, Trest v. Cain, 522 U.S. 87, 89 (1997).  Here, the Court finds it more efficient to adjudicate the merits of Petitioner's claims than to determine whether Petitioner procedurally defaulted his claims.  Each claim is addressed in turn below.

### A.  Trial Counsel

In his first claim, Petitioner says that his trial attorney gave him unreasonable advice regarding the plea offer.  Specifically, Petitioner contends that trial counsel failed to inform him that:  (1) he had a viable defense to the felony-murder charge; (2) his lack of malice was a viable defense to both murder charges; and (3) his plea bargain was illusory because he could not convicted of two murder charges for one death.  Additionally, Petitioner claims that trial counsel failed to correctly calculate the sentencing guidelines and misinformed him about the actual range of the sentencing guidelines.  The trial court concluded on state collateral review that Petitioner's arguments regarding his trial attorney's ineffectiveness lacked merit.

A defendant has the right to effective assistance of counsel during plea negotiations and during sentencing.  Lafler v. Cooper, 132 S. Ct. 1376, 1384-86 (2012).

7

To prevail on a claim of ineffective assistance, a habeas petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668,  687 (1984).  In the context of a guilty plea, a deficient performance is one that falls below an objective standard of reasonableness or is outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).  The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59.  On habeas review, the standard

> is "doubly deferential," Cullen v. Pinholster,  563 U.S. 170, 190, 131 S.Ct.
> 1388, 179 L.Ed.2d 557 (2011), because counsel is "strongly presumed to
> have rendered adequate assistance and made all significant decisions in
> the exercise of reasonable professional judgment," Burt v. Titlow, 571 U.S.
> ——, ——, 134 S.Ct. 10, 17, 187 L.Ed.2d 348 (2013) (quoting Strickland
> v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
> internal quotation marks omitted). In such circumstances, federal courts
> are to afford "both the state court and the defense attorney the benefit of
> the doubt." Burt, supra, at ——, 134 S.Ct., at 13.

Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (per curiam).

Here, Petitioner says that trial counsel failed to inform him that he had a viable defense to the felony-murder charge because he had a "claim of right" to the money that he demanded from the murder victim.  But even if Petitioner had a right to the money, he was not justified in shooting the victim.  In fact, he admitted at the plea proceeding that he had no legal basis to shoot or kill the victim. (Plea Tr., at 8, July 30, 2008.) Thus, trial counsel was not ineffective for failing to advise Petitioner that he had a claim of right to the money that he demanded from the victim and that this was a viable defense to the felony-murder charge.

8

Petitioner next says that trial counsel failed to tell him that he had a viable defense to both first-degree murder charges because he lacked malice. "[M]alice is an essential element of any murder." People v. Aaron, 299 N.W.2d 304, 326 (Mich. 1980). In felony-murder cases, "malice is the intention to kill, the intention to do great bodily harm, or the wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm." Id. "In contrast, the statutory crime of first-degree premeditated murder is committed only if the defendant entertains the intent to kill." People v. Dykhouse, 345 N.W.2d 150, 151 (Mich. 1984).

According to testimony at the preliminary examination, Petitioner went to the victim's home a couple of times on the day of the murder. At some point, he instructed his girlfriend to get a gun. When the girlfriend returned with a gun, Petitioner took the gun and put it in his waistband. He subsequently approached the victim and demanded money from the victim. The victim refused to give Petitioner any money and waved or pushed Petitioner away. Petitioner then pulled out the gun and shot the victim in the chest.

Under these circumstances, shooting the victim with a firearm was evidence of malice. It demonstrated an intent to kill, an intent to do great bodily harm less than murder, or, at a minimum, willful disregard for the likelihood that the natural tendency of Petitioner's conduct was to cause death or great bodily harm. Thus, trial counsel was not ineffective for failing to advise Petitioner that he had a viable defense to murder due to lack of malice.

9

Petitioner also says that trial counsel was ineffective for failing to argue that the plea agreement was illusory because Petitioner could not be convicted of murder twice for one death.  While it is true that "dual convictions arising from the death of a single victim violate double jeopardy," the remedy for this error is merely "to modify [the] defendant's judgment of sentence to specify that [the] defendant's conviction and single sentence is of one count of first-degree murder supported by two theories: premeditated murder and felony murder."   People v. Bigelow, 581 N.W.2d 744, 745-46 (Mich. Ct. App. 1998).

Further, trial counsel negotiated a plea agreement that called for the dismissal of the first-degree murder charges which carried a mandatory penalty of life without any possibility of parole, and a reduced charge of second-degree murder with a sentence of twenty-five to forty years in prison.  As a result of the plea agreement, Petitioner acquired a significant reduction in potential punishment.  His plea agreement therefore was not illusory.  Trial counsel was not ineffective for failing to challenge Petitioner's plea agreement as illusory.

Finally, Petitioner says that trial counsel was ineffective for failing to contest the felony-murder charge on state constitutional grounds, for failing to correctly calculate the state sentencing guidelines, and for misinforming him of the actual guidelines. Petitioner contends that, if the guidelines had been properly scored, the sentencing range would have been lower, and the plea agreement would have appeared less favorable to him.

10

On collateral review, the trial court found that Petitioner's challenge to the felony-murder statute lacked merit and that the sentencing guidelines were correctly scored. The Court must defer to the state court's judgment on matters of state law and accept the state court's interpretation of its statutes. Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001). Because the state court found no merit in Petitioner's state-law claims or in the scoring of the sentencing guidelines, an objection would have been futile. An attorney is not ineffective for failing to make a futile objection. Harris v. United States, 204 F.3d 681, 683 (6th Cir. 2000). Thus, trial counsel was not ineffective.

Overall, trial counsel's advice to Petitioner was not unreasonable. Petitioner is not entitled to habeas relief on his first claim.

### B. Petitioner's Sentence

In his second claim, Petitioner contends that the trial court sentenced him on the basis of inaccurate information. In his related third claim, Petitioner says that trial counsel was ineffective for failing to object to the trial court's reliance on inaccurate information. Petitioner contends that the trial court incorrectly found that: (1) Petitioner fired his gun at all three individuals who were present, not just the murder victim; (2) Petitioner intended to kill the two assault victims; (3) the assault resulted in death; and (4) the sentencing guidelines range was 270 to 450 months, not 180-300 months.

Petitioner's assertions are not supported by the record. During the plea colloquy, the trial court initially asked Petitioner whether he pointed a gun at the other individuals who were present with murder victim. Trial counsel promptly pointed out to the trial court that, according to testimony at the preliminary examination, Petitioner did not point

11

a gun at these individuals.  Instead, it was established that Petitioner used the gun to put them in fear, which qualifies as a felonious assault.  The trial court then rephrased its question and asked Petitioner whether the two individuals had reason to believe that he might shoot him.  Petitioner answered, "Yes." (Plea Tr. at 9, July 30, 2008.)  Thus, the trial court did not conclude that Petitioner fired his gun at the assault victims, intended to kill them, or caused their death.  When the trial court subsequently mentioned the shooting and killing of a victim, the court was referring to the murder victim, not the victims of the assault.  Id. at 10.

The issue came up again at sentencing because the pre-sentence report incorrectly stated that Petitioner had pointed a gun and fired it at all three individuals.  Trial counsel again noted the error and the trial court deleted the sentence in the report.  (Sentence Tr. at 3-4, Aug. 20, 2008.)  Thus, the trial court did not sentence Petitioner based on inaccurate information regarding the gun.

Petitioner's claim that the trial court miscalculated the sentencing guidelines is not cognizable on habeas review.  Tironi v. Birkett, 252 F. App'x 724, 725 (6th Cir. 2007); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).  While Petitioner had a right not to be sentenced on "extensively and materially false" information which he had no opportunity to correct through counsel, Townsend v. Burke, 334 U.S. 736, 741 (1948), he was sentenced pursuant to the parties' plea agreement.  By consenting to a specific sentence as part of the plea bargain, he waived review of his challenge to the scoring of the sentencing guidelines.  United States v. Livingston, 1 F.3d 723, 725 (8th Cir. 1993);

12

People v. Billings, 770 N.W.2d 893, 900 (Mich. Ct. App. 2009) (citing People v. Wiley, 693 N.W.2d 800 (Mich. 2005)).

### C. Appellate Counsel

In his fourth and final claim, Petitioner says that appellate counsel was ineffective for failing to raise habeas claims one through three on direct appeal and for raising other claims that were frivolous or irrelevant and then abandoning those claims. Petitioner contends that appellate counsel (1) failed to cite any law in support of the first appellate claim, (2) failed to cite any facts in support of the second appellate claim, and (3) made a frivolous argument that the trial court enhanced Petitioner's minimum sentence. The trial court addressed this issue on state collateral review and found no merit in it.

The Supreme Court has stated that an appellate attorney is not required to raise every non-frivolous claim requested by his or her client if counsel decides, as a matter of professional judgment, not to raise the claim. Jones v. Barnes, 463 U.S. 745, 751 (1983). To demonstrate that appellate counsel was ineffective, a habeas petitioner must show (1) that his attorney acted unreasonably in failing to discover and raise nonfrivolous issues on appeal and (2) there is a reasonable probability that he would have prevailed on appeal if his attorney had raised the issues. Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. at 687-91, 694).

Here, even assuming that appellate counsel's performance was deficient, the deficient performance did not prejudice Petitioner because the ignored issues lack merit for the reasons given above. "[B]y definition, appellate counsel cannot be ineffective for

13

a failure to raise an issue that lacks merit." <u>Greer v. Mitchell</u>, 264 F.3d 663, 676 (6th Cir. 2001).  The Court therefore declines to grant relief on Petitioner's claim about appellate counsel.

## V. Conclusion

For the reasons state above, Petitioner's petition for a writ of habeas corpus is DENIED.  Further, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).  <u>See Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: *10-14-2016*
   Detroit, Michigan